PERXĒDE LIBERTY *vs*. HOWARD P. HAINES, Administrator.

York.    Opinion April 19, 1906.

*Assigned Claims.  Suit Thereon.   Writ to be Endorsed by Assignee.   Statute Mandatory.  Evidence.   Extrajudicial Admissions.   Finding of Facts by Presiding Justice not Reviewable.  R. S., c. 84, § 144.*

R. S., chapter 84, section 144, which provides that the name and place of residence of an assignee, if known, shall, at any time during the pendency of the suit, be endorsed by the request of the defendant on a writ or process, or further proceedings thereon shall be stayed, is mandatory.

Merely placing a letter upon the files of the court does not make it evidence. To have that effect it must be formally offered and introduced.

·While an extrajudicial admission may be withdrawn before it is acted upon, it is still to be received as evidence of the fact admitted ; and its withdrawal goes only to its weight.

In the case at bar the only evidence of the admission of an assignment is found in the statement of counsel to the court withdrawing the admission. Considering that statement as a whole, the fact that· an assignment had been made is not the only inference that can be drawn from it ; and the finding of the presiding justice upon the issue of fact presented cannot be reviewed.

On exceptions by defendant.    Overruled.

Assumpsit on an agreement alleged to have been made by the defendant's intestate, Samuel Haines, late of Saco, with the plaintiff, and brought at the September term, 1904, of the Supreme Judicial Court, York County.

On the 25th of January, 1905, while the action was pending, the plaintiff's attorneys, Cleaves, Waterhouse & Emery, wrote the defendant's attorneys, Symonds, Snow, Cook & Hutchinson, a letter which letter the defendants' attorneys claimed and contended was in substance a statement that the plaintiff's claim upon which this action was brought, had been assigned by the plaintiff. Thereupon at the May term, 1905, of said court, the defendant filed a motion "that the name and place of residence of such assignee be endorsed on the writ in said action, or that further proceedings therein shall be stayed under and in pursuance of the provisions of section 144 of chapter 84 of the Revised Statutes." After the hearing on this motion, the presiding Justice overruled the same "and refused to direct either that the name and place of residence of an assignee be endorsed on the writ or process in said action, or that further proceedings thereon be stayed," and thereupon the defendant excepted.

The case sufficiently appears in the opinion.

*Cleaves, Waterhouse & Emery and Foster & Foster,* for plaintiff.

*Symonds, Snow, Cook & Hutchinson and Allen & Abbott,* for defendant.

Sitting: Emery, Strout, Savage, Powers, Spear, JJ., Emery, J., concurring in the result only.

Powers, J. The defendant filed a motion stating that he had been informed by the plaintiff's counsel, that the demand sued had been assigned by the plaintiff, or passed beyond her control, so that she no longer had the disposition or the management thereof; and asking that the name and place of residence of such assignee be endorsed upon the writ or that further proceedings therein be stayed. Upon hearing the motion was overruled and to this ruling the defendant excepts.

R. S., chapter 84, section 144, is mandatory. "The name and place of residence of an assignee, if known, shall, at any time during the pendency of the suit, be endorsed by request of the defendant on a writ of process, commenced in the name of the assignor, or further proceedings thereon shall be stayed." If the fact of the assignment

was established, the defendant was of right entitled to have his motion granted. It was not discretionary with the presiding justice. The motion raised an issue of fact, and its denial involved a finding of fact, that the defendant had failed to prove the assignment. If there was evidence both ways this finding is not reviewable upon exceptions. *Curtis* v. *Downes,* 56 Maine, 24 ; *Coolidge* v. *Smith,* 129 Mass. 556. The effect, however, of facts proved by uncontroverted evidence is a question of law. *Todd* v. *Whitney,* 27 Maine, 480 ; *Witham* v. *Portland,* 72 Maine, 539 ; so also when only one inference can be drawn from the evidence.

The case does not show that the defendant offered any evidence in support of his motion. The exceptions state that on the second day of the term he filed with his motion a letter from the plaintiff's attorneys, which it is claimed shows that such an assignment had been made. In his motion the defendant states that he " has been informed in substance by the counsel for the plaintiff that the plaintiff's claim and demand therein against the defendant have been assigned by said plaintiff or passed beyond her own control, so that she no longer has the disposition or management thereof. The motion does not state whether the means of his information was an oral or written communication and there is in it no reference to the letter which was filed with it. The letter is printed and made part of the exceptions. It contains such statements of fact as would have been sufficient to charge the defendant with notice of an assignment. These extrajudicial admissions, contained in it, were made by the plaintiff's attorney in the management of the litigation and for the purpose of influencing the proceedings in the cause, and were therefore admissible in evidence against the plaintiff. Wigmore Ev. section 1063. The letter was not offered in evidence by the defendant. Merely placing it upon the court files did not make it evidence. If the defendant relied upon it, to support his contention upon the question of assignment, it should have been formally offered and introduced.

All the evidence of an assignment was the admission of plaintiff's counsel at the hearing that he had written the letter, and in the same breath explaining his reasons for so doing, stating that the letter was written without the knowledge of his client, and emphatically denying

that there ever had been any assignment.    In brief, the only admission
of an assignment, and the only way in which the letter came before
the court, was in the statement of the plaintiff's counsel made at the
hearing on the motion.    As a part of that statement and admission
the letter was before the court for consideration, but in determining
the effect and weight of this admission, the whole statement, and not
merely the letter, must be considered.    While an extrajudicial admis-
sion may be withdrawn before it is acted upon, it is still to be received
as evidence of the fact, and its withdrawal only goes to its weight.
Wigmore Ev. section 1067.    In this case the only evidence before
the court of the admission was found in the statement withdrawing
it.    Considering that statement as a whole, the fact that an assign-
ment had been made is not the only inference to be drawn from it,
and the finding of the presiding justice cannot here be reviewed.

*Exceptions overruled.*