SANDERS ENGINEERING COMPANY *vs.* FRED C. SMALL.

Cumberland.   Opinion April 24, 1916.

*Admissions.   Effect of letters written by attorney of plaintiff or defendant. Evidence.   General rule of admissions.*

Motion for new trial and exceptions to a ruling excluding a letter written by plaintiff's attorney.

*Held:*

1. Anything said by the party may be used against him as an admission, provided it exhibits the quality of inconsistency with the facts now asserted by him in pleadings or in testimony.
2. It is immaterial, when an opponent's statement is offered as an admission, that it was uttered to a third person and not to the other party to the cause.
3 Such admissions made by the attorney of the party are admissible against him if they concern the management of the litigation.

Action of assumpsit to recover certain sums of money claimed as due the plaintiff from defendant for constructing a dam in the town of Cornish. Defendant pleaded general issue. Verdict for

plaintiff.  Defendant filed motion for new trial and also exceptions
to exclusion of a certain letter written to a person other than
the defendant by attorney for plaintiff.  Defendant contended that
the letter should be admitted on the ground that it was an admission
against the plaintiff.  Exceptions sustained.  New trial granted.
Motion not considered.

Case stated in opinion.

*P. A. Bowie,* for plaintiff.

*Walter P. Perkins, and William Lyons,* for defendant.

SITTING:  SAVAGE, C. J., CORNISH, KING, HALEY, HANSON, PHIL-
BROOK, JJ.

PHILBROOK, J.  This case comes up from the Superior Court of
Cumberland county on motion for new trial by defendant and
upon exceptions to the exclusion of evidence.  The plaintiff con-
structed a dam in the town of Cornish and having failed to receive
pay for work done and materials furnished brought suit against
the defendant, claiming that he became personally liable to the
plaintiff and promised to pay for building the dam.  It is admitted
that the erection of this structure was for the sole purpose of
flowing a low and unsightly piece of land and thus beautifying the
face of nature in a conspicuous place within the village border.
The defendant claimed that this was a public enterprise entered
into by several citizens, that the funds were to be raised by sub-
scription, that a subscription paper was circulated, signers thereto
obtained, and that the plaintiff well understood when it began this
work that this was the plan, and that it was to receive its pay from
this subscription fund, looking to the subscribers for such payment.
One of the subscribers was Arthur Colcord.  In the course of the
trial, as tending to show that the contention of the defendant was
correct, and that the plaintiff so understood, and as tending to
show that plaintiff's claim of personal liability against the defendant
was inconsistent with its former attitude and understanding, a
letter to Colcord from plaintiff's attorney was offered by the
defendant.  The letter is as follows:

"Mr. Arthur Colcord,
        Cornish, Maine.
*Dear Sir:*

Sometime ago the Sanders Contracting Co., of this city, built a dam for several subscribers and persons represented by Mr. Fred C. Small. Among the names of the subscribers I find your name. I have communicated with Mr. Small in regard to the matter several times, but have never been able to adjust the claim of the Sanders Contracting Co. for the work done.

Your proportional part of the debt would be about eight and 50/100 dollars ($8.50). In as much as I have been authorized by the Sanders Contracting Co. to commence suit against the subscribers and persons represented by Mr. Small I thought that I would communicate with you in regard to the matter. You and the other subscribers and persons must appreciate the fact that you are responsible for the work done. I should be pleased to know what you intend to do in regard to the matter."

This letter was excluded and to this ruling defendant was allowed exceptions.

This broad and wholesome rule is laid down by *Wigmore on Evidence,* sect. 1048 in his discussion of extrajudicial admissions, that "anything said by the party may be used against him as an admission, provided it exhibits the quality of inconsistency with the facts now asserted by him in pleadings or in testimony." The same author further says "that it is immaterial, when an opponent's statement is offered as an admission, that it was uttered to a third person and not to the other party to the cause." *Wigmore on Evidence,* sect. 1056. Our own court, in *Chapman* v. *Twitchell,* 37 Maine, at page 62, has also announced its adoption of this principle, thus making it a rule of evidence for many years in this State. Moreover such admissions made by the attorney of the party are admissible against him if they concern the management of the litigation. *Wigmore on Evidence,* sect. 1063. In the somewhat recent case of *"Liberty v. Haines,* 101 Maine, 402, the court held that the extrajudicial admissions there made by plaintiff's attorney were made in the management of the litigation and were therefore admissible in evidence against the plaintiff.

It is a fair inference that on March 24, 1915, when Mr. Bowie wrote to Mr. Colcord, he was in fact acting as attorney for the plaintiff, for whom he was assuming to act, in the collection of the claim for constructing the dam in question. He was therefore acting within the scope of his authority in writing this letter and stating the nature of the demand. His statements thus made were, in the eye of the law, the statements of his client, and if they were inconsistent with the client's position taken in the case at bar they are admissible in evidence on that ground. Their weight being for the jury. *Loomis* v. *N. Y., N. H. & H. R. R. Co.,* 159 Mass., 39; *James* v. *B. E. Rwy. Co.,* 201 Mass., 263.

After a careful examination of the entire testimony, to fully ascertain the facts now asserted by the plaintiff, in his pleadings and testimony, it is the opinion of the court that this excluded letter, even though written to a third party, was written by plaintiff's attorney in the management of the litigation, that it exhibits inconsistency with facts now asserted by the plaintiff in his pleadings and testimony, and that its exclusion was prejudicial error. It becomes unnecessary therefore to consider the general motion.

*Exceptions sustained.*
*New trial granted.*