Audrey M. SCHNEIDER

v.

Harrison L. RICHARDSON and William
B. Troubh, Individually and as Partners
in the Firm of Richardson, Hildreth,
Tyler & Troubh, a Successor Partner-
ship.

Supreme Judicial Court of Maine.

Dec. 31, 1979.

Lawrence P. Mahoney (orally), Portland, T. A. Fitanides, Biddeford, for plaintiff.

Pierce, Atwood, Scribner, Allen, Smith & Lancaster, Ralph I. Lancaster, Jr. (orally), John J. O'Leary, Jr., Portland, for defendants.

Before POMEROY, WERNICK, ARCHIBALD, GODFREY and NICHOLS, JJ.

ARCHIBALD, Justice.

On March 2, 1972, Audrey Schneider was granted an *uncontested* divorce from Herman Schneider. The attorney[1] who represented her in that proceeding also handled the property settlement and child custody agreement. The final divorce judgment adopted and incorporated this agreement. Both Mr. and Mrs. Schneider signed the "Settlement Agreement," and their signatures were witnessed by their respective attorneys. No appeal was taken from the divorce judgment.

Four years later Mrs. Schneider filed a negligence action against Attorney Troubh, his legal associates, and their firm, alleging that the defendants failed to apprise themselves fully as to the applicable law and to investigate adequately the financial status of Mr. Schneider prior to the divorce proceeding. These omissions, the complaint asserted, resulted in Mrs. Schneider's accepting a property settlement without being fully informed as to the facts and the alternatives available to her.

A justice of the Superior Court, on motion of the defendants and after extended argument, granted the defendants' request for a bifurcated trial pursuant to M.R. Civ.P. 42(b). The court proceeded on the theory that Mrs. Schneider must demonstrate, as a prerequisite to maintaining the action that, had the 1972 divorce been contested, she would have prevailed. In a nonjury hearing before the single justice, evidence adduced was limited to that preliminary issue, with the defendants' attorney

representing Herman Schneider's[2] position on that issue. The Superior Court Justice then ruled that Mrs. Schneider had failed to demonstrate her legal entitlement to a *contested* divorce, and he ordered judgment for the defendants without reaching the negligence aspect of the case. It is that procedure and the resultant judgment for the defendants which generated this appeal.

We sustain the appeal.

The issues on appeal may be separated. Preliminarily, the question is whether Mrs. Schneider's success in a contested divorce is a necessary prerequisite to maintenance of the negligence action and, in any event, whether counsel for the plaintiff had bound himself to try the case in this posture because of his alleged admissions before and during trial.

The next issue, which cannot be resolved until the above threshold questions are addressed, deals with the legal basis for upholding the presiding justice's conclusion that the plaintiff was not entitled to a contested divorce in 1972. In view of our resolution of the threshold issues, however, we need not reach this latter point.

We have held that

[b]y accepting the employment, [an attorney] impliedly agree[s] to use such skill, prudence, and diligence as lawyers of ordinary skill and capacity commonly possess and exercise in the performance of the tasks which they undertake and [will subject] himself to liability to his client for negligence in rendering his professional services.

*Sohn v. Bernstein*, Me., 279 A.2d 529, 532 (1971).

Applying this doctrine in *Maine Bonding & Casualty Co. v. Mahoney*, Me., 392 A.2d 16, 19 (1978), we concluded that the failure to plead the relevant statute of limitations was not negligence since "[p]leading the statute was inappropriate to [the] facts and would have been no defense" and "could

---

1. Defendant William B. Troubh.

2. Mr. Schneider was not a party to this proceeding and did not testify. He had not been represented by the defendants' attorney when the 1972 divorce action was heard and the property settlement agreed upon.

not be deemed legal negligence to fail to so plead since no damages could result."

■ Assuming negligent representation, a plaintiff must prove nevertheless that he could have been successful in the initial suit "absent the attorney's negligent omission to act." *Sohn v. Bernstein*, 279 A.2d at 532. This requirement is merely the assertion of the established principle that proof of proximate causation is necessary to the maintenance of a negligence action. Thus, mere negligence on the part of an attorney is not sufficient to impose liability if, for example, his client's claim is meritless or barred by the statute of limitations. Such negligence is considered "malpractice in a vacuum," since no damages could possibly flow therefrom. *E. g., Niosi v. Aiello*, 69 A.2d 57 (D.C.Mun.App.1949) (the plaintiff not legally entitled to recover under wrongful death statute since not within the definition of dependent); *Vooth v. McEachen*, 181 N.Y. 28, 73 N.E. 488 (1905) (settlement of claim without authority from client immaterial in light of insolvent nature of debtor).

■ The foregoing principles cannot be disputed. We do not agree, however, that they are dispositive on the facts of this case. Where the single justice erred was in requiring proof of success in a *contested* divorce prior to admitting any evidence on the issue of the negligent practice of law.

As between the Schneiders, the 1972 divorce action had been resolved by the issuance of a valid and *final* judgment from which no appeal had been taken.

No authority has been cited by either side which supports (or contradicts) the procedure followed by the justice below. The cases to which we are directed are clearly distinguishable on various grounds. Thus, *Nioso v. Aiello, supra*, for example, involved a meritless claim. Obviously, no damages could flow from the failure to prosecute such a case. Similarly, *Wooddy v. Mudd*, 258 Md. 234, 265 A.2d 458 (1970), involved the determination by the court that the plaintiff was not entitled to a divorce. Thus, the failure of the attorney to sue on the grounds of adultery could not cause any

damages since the claim would not have been successful. Finally, cases involving the failure of an attorney to file suit prior to expiration of the statute of limitations also require success in the original suit in order to establish causation and damages.

In this case no such proof is necessary to eliminate any speculation that a divorce would be granted to Mrs. Schneider. In fact, a divorce was granted; whether it could have been as a contested matter becomes immaterial. All that was necessary for the plaintiff to prove was that a divorce judgment was entered on her complaint incorporating a property settlement, the quantum of which was the result of some negligent omission by the defendants. Whether Mrs. Schneider received appropriate legal advice when she signed the property agreement is the real issue in controversy.

■ Summary judgment was inappropriate in this context. Certainly, at least one question of fact remains unresolved, i. e., whether the defendants' investigation of the financial position of Mr. Schneider was negligent. The failure of the defendants to become versed in the law and to discover the husband's true financial status is the gravamen of the complaint, and the plaintiff should have been allowed to proceed with proof of these contentions.

■ We turn next to the argument that, even if the court erred in ordering bifurcation, the plaintiff was bound to try the case in that posture because of a pre-trial agreement to do so between counsel. It is true that an attorney's admission of fact may be used against him if they are made "in the management of litigation and for the purpose of influencing the proceedings." *Liberty v. Haines*, 101 Me. 402, 404, 64 A. 665, 666 (1906). *See also Evans Products Co. v. Clinton Bldg. Supply, Inc.*, 174 Conn. 512, 391 A.2d 157 (1958); *Sanders Engineering Co. v. Small*, 115 Me. 52, 97 A. 218 (1916). Such factual admissions and procedural agreements will be binding on a client upon proof of the attorney-client relationship. That such procedural adoptions control the manner in which a case is to be tried, how-

ever, presupposes the unambiguous and unequivocal nature of the agreement leading to that undertaking. It is one thing to adopt factual admissions subject to the right of the factfinder to assess their weight.[3] It is quite another matter to bind procedurally an attorney to the trial of a case in a certain posture unless it is clear that such was intended.

The defendants argue that plaintiff's counsel had agreed to the "suit within a suit" method of trial procedure. Under this approach defendants' counsel argues (as he did before the presiding justice) that the trial must be bifurcated, namely, (1) the plaintiff must prove *to the justice* in the absence of the jury that "Mrs. Schneider could have a divorce in 1972 on a *contested* basis" and (2) assuming an affirmative finding, to then prove *before the jury* the defendants' negligence. Defense counsel not only urges the foregoing as a proper procedure but goes further and argues that plaintiff's counsel unequivocally agreed thereto.

We have read the record carefully to see if such an agreement can be found therein from the very extended and somewhat confusing colloquy between the court and counsel. After listening to counsel argue the point (consuming thirty pages of the transcript), the justice below observed: "The Court is in partial agreement and in partial disagreement and partial uncertainty concerning the respective positions of opposing counsel." The justice then denied the defendants' motion for bifurcation.

Counsel then resumed their procedural debate, consuming approximately another forty pages of the transcript, after which the justice reversed his prior ruling and directed counsel to proceed with a bifurcated trial. Previous to plaintiff's only witness's testifying, the record discloses the following:

[PLAINTIFF'S COUNSEL]: But the record should clearly indicate, your Honor, that we are proceeding pursuant to the Court's ruling that we must proceed in this manner on motion by the defendant.

THE COURT: No question about that; however—

[PLAINTIFF'S COUNSEL]: Over our objection.

THE COURT: That is, I hope, adequately, sufficiently noted on the record.

The above quoted summary of plaintiff's counsel's position is fully supported in the record. We can find no consent in unequivocal terms by plaintiff's counsel that the bifurcation procedure was by agreement. For example, at one point plaintiff's counsel stated:

We are testing whether [Defendant Troubh] was educated in the law and we are testing whether that education was transmitted to his client so she can make an informed judgment as to accept [sic] the settlement he was recommending to her. That is the heart of the case. We do not have to in effect prove . . . that a divorce would have been granted.

At the hearing held March 7, 1979, defense counsel urged several times that plaintiff's counsel had agreed to the bifurcation procedure "yesterday." However, we have no record before us of what was done or said "yesterday," namely, on March 6, 1979.

The record before us does not support the position urged by the defendants.

The entry is:

Appeal sustained.

Judgment for defendants vacated.

Remanded for further proceedings.

McKUSICK, C. J., and GLASSMAN, J., did not sit.

---

**3.** By using the word "admission" we rule out the concept of a stipulation, a formal offer which dispenses with the need for proof. Rather, we use admission in the sense of a statement admitted against a party-opponent. M.R. Evid. 801(d)(2).