**Ralph L. ERICKSON**

v.

**James J. BRENNAN.**

Supreme Judicial Court of Maine.

Argued June 11, 1986.
Decided Aug. 4, 1986.

---

Francis Jackson (orally), Westbrook, for plaintiff.

Norman & Hanson, James D. Poliquin (orally), Mark G. Lavoie, Portland, for defendant.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, GLASSMAN and SCOLNIK, JJ.

ROBERTS, Justice.

Ralph L. Erickson appeals from a summary judgment entered in the Superior Court, Cumberland County, in favor of James J. Brennan. On appeal, Erickson maintains that the Superior Court erred as a matter of law in determining that Brennan was not in possession of the property when Erickson was injured. We affirm the judgment.

The following facts were established by the pleadings and several uncontroverted affidavits submitted by Brennan. On May 30, 1978 Erickson injured his back when he slipped in a puddle of water while servicing refrigeration equipment in the concession stand at Crescent Beach State Park. Both the concession stand and the equipment located therein were owned by the State of Maine. At the time of the injury the State, in accordance with its usual practice, was preparing the park for the summer season. As part of the preparations, the State annually hired Erickson to service the refrigeration equipment. Brennan was informed that the park was ready to open for the season by the park manager only after Erickson serviced the equipment.

Brennan operated the concession at the park from 1969 to 1981 pursuant to an agreement with the State to dispense "seafoods, sandwiches, tonic, ice cream, candy and sundry articles". In 1978 the agreement in existence with the State gave Brennan access to the stand from April 1 to November 30. Brennan, however, did not open the stand until the second week of June. In fact, Brennan had not entered the premises since its closing in the fall of 1977.

Initially, Erickson sued the State of Maine as the owner of the stand for his damages. His complaint was dismissed, however, for failure to comply with the notice requirement of the Maine Tort Claims Act, 14 M.R.S.A. § 8107 (1980). *See Erickson v. State of Maine,* 444 A.2d 345 (Me.1981). Following that dismissal, Erickson filed a complaint against Brennan as operator of the concession stand. In response, Brennan moved for summary judgment alleging that he was not in possession of the land at the time of the injury and thus owed no duty to Erickson. The Superior Court agreed and entered summary judgment in Brennan's favor.

Under Maine law a possessor of land owes a duty to use reasonable care to all persons lawfully on the premises. *Poulin v. Colby College,* 402 A.2d 846, 849 (Me.1979), *Jones v. Billings,* 289 A.2d 39, 42 (Me.1972). The threshold inquiry for determining whether a person may be lia-

ble for defects in land causing injury, however, involves the initial determination whether the individual in question was a possessor of land at the time of the injury. The Restatement (Second) of Torts § 328E (1965), defines a possessor of land as

    (a) a person who is in occupation of the land with intent to control it

    (b) a person who has been in occupation of land with intent to control it, if no other person has subsequently occupied it with intent to control it, or

    (c) a person who is entitled to immediate occupation of the land, if no other person is in possession under clauses (a) and (b).

█ On the record before us, consequently, the central question becomes whether the State, subsequent to the fall of 1977 and at the time of Erickson's injury, occupied the premises with intent to control it within the meaning of Section 328E(b). The unchallenged affidavits submitted in support of the summary judgment motion show that (1) Brennan did not occupy the concession stand following its closing in the fall of 1977 until June of 1978, (2) the State had assumed control of the concession stand to prepare for the season and had hired Erickson to service the equipment, (3) the manager of the park did not inform Brennan that the concession stand was ready to open until after Erickson's work was completed.

These facts plainly establish that Brennan was not in possession and control of the premises at the time of Erickson's injury. Cf. *Merritt v. Nickelson,* 407 Mich. 544, 547, 287 N.W.2d 178, 180 (1980) (tenant in common who did not exercise her right to possession and control over property not liable to injured party while other tenant in common who did control premises held to be liable.) As a result, the Superior Court was correct in granting summary judgment in Brennan's behalf.

The entry is:

Judgment affirmed.

All concurring.