**Geraldine HANKARD, et al.**

v.

**William BEAL, et al.**

Supreme Judicial Court of Maine.

Argued May 4, 1988.
Decided July 13, 1988.

Francis J. Hallissey (orally), Machias, for plaintiffs.

David C. King, Brett D. Baber (orally), Rudman & Winchell, Bangor, for defendants.

Before McKUSICK, C.J., and ROBERTS, WATHEN, GLASSMAN and SCOLNIK, JJ.

WATHEN, Justice.

Plaintiffs Geraldine and Lawrence Hankard appeal from a summary judgment granted in favor of defendants William and Mary Beal by the Superior Court (Washington County). The Superior Court found that defendants' tenants were in exclusive possession of the property on which Geraldine Hankard was injured and, therefore, absolved defendants from liability. On ap-

peal, plaintiffs argue that a genuine issue of material fact remains whether defendants are possessors of the premises in question. We conclude that the Superior Court erred and we vacate the summary judgment.

Plaintiffs' complaint alleges that on March 8, 1985, plaintiff Geraldine Hankard broke her hip when she slipped on ice in the parking lot of the Montgomery Ward store in Machias. As a result of this injury, plaintiff and her husband brought suit against William and Mary Beal, the owners and lessors of the building and the parking lot.[1] Plaintiffs further allege that defendants retained responsibility for snow and ice removal in the parking lot.

Defendants moved for summary judgment and submitted their affidavits and the affidavits of their tenants in support of the motion. The affidavits stated that the tenants were in exclusive possession and control of the premises, while noting that defendants plowed snow from the parking lot whenever necessary. Finding that the affidavits precluded all genuine issues of material fact, the Superior Court held that the tenants were in exclusive possession of the premises and defendants therefore had no liability for the condition of the parking lot. From this judgment plaintiffs appeal.

Summary judgment is granted to a party only if the pleadings, affidavits, and other supporting documentation, demonstrate that there is no genuine issue as to any material fact and that the party is entitled to judgment as a matter of law. M.R. Civ.P. 56(c); *Camplin v. Town of York*, 471 A.2d 1035, 1037 (Me.1984). In reviewing a summary judgment, this Court views the evidence in the light most favorable to the party against whom the motion has been granted and accords that party the full benefit of all favorable inferences that may be drawn from the evidence. *Lidstone v. Green*, 469 A.2d 843, 845 (Me. 1983); *Tucci v. Guy Gannett Publishing Co.*, 464 A.2d 161, 166 (Me.1983).

Defendants rely on the argument that the law regards a lease of real estate as

1. Defendants' tenants, the operators of the store, and Montgomery Ward & Co. were initially joined as defendants but were voluntarily dismissed.

equivalent to a sale for the term of the lease. Accordingly, the tenant becomes the owner and occupier and is subject to the liabilities of one in possession. *See* Restatement (Second) of Torts §§ 355, 356 (1965). It is well established under Maine law that it is the possessor of land who owes a duty to use reasonable care to persons lawfully on the premises. *Erickson v. Brennan,* 513 A.2d 288, 289 (Me.1986); *Poulin v. Colby College,* 402 A.2d 846, 849 (Me.1979). Therefore, in order to obtain summary judgment, defendants must prove that they are not possessors of the premises in question.

 Possession of land is determined by occupancy and the intent to control. *See Erickson,* 513 A.2d at 290; Restatement (Second) of Torts § 328E (1965). In their affidavits, defendants acknowledged that they leased the premises to others for use as a retail store and that they reserved the right to enter and plow snow from the parking lot. Their own affidavits create a genuine issue of fact concerning the degree of control retained by them. On this record we are unable to conclude that judgment in favor of the defendants is the only possible result as a matter of law. *See Campbell v. Portland Sugar Co.,* 62 Me. 552, 564 (1873).

The entry is:

Judgment vacated.

Case remanded to the Superior Court for further proceedings consistent with the opinion herein.

All concurring.