Dennis H. McALISTER

v.

Richard B. SLOSBERG.

Supreme Judicial Court of Maine.

Submitted on Briefs April 10, 1995.

Decided May 23, 1995.

Harold N. Skelton, Skelton, Taintor & Abbott, Auburn, for plaintiff.

Richard B. Slosberg, Portland, pro se.

Before ROBERTS, GLASSMAN, CLIFFORD, RUDMAN, DANA, and LIPEZ, JJ.

GLASSMAN, Justice.

Following the entry of the default of Richard Slosberg and a jury trial on the issue of damages.[1] Slosberg appeals from the judgment entered in the Superior Court (Cumberland County, *Brennan, J.*) awarding damages to Dennis McAlister in the amount of $27,110 on his complaint against Slosberg for professional malpractice. Slosberg challenges the propriety of the jury's award of damages for lost wages, mental distress and for punitive damages.[2] McAlister cross-appeals, contending that the trial court erred in granting a judgment as a matter of law in favor of Slosberg on McAlister's claim for the recovery of the amount of the child support obligation imposed on McAlister by the judgment of the District Court. Finding no error in the record, we affirm the judgment.

The record reveals the following: In 1990, in the context of a proceeding pursuant to 19 M.R.S.A. §§ 271–287 (1981 & Supp.1994) before the District Court to establish McAlister's paternity of a minor child, the court by its judgment declared McAlister to be the father of the child and ordered him to reimburse the Department of Human Services for past child support and pay future support for the child. McAlister, in reliance on Slosberg's representation that he had a thirty percent chance of prevailing, retained Slosberg to represent him on an appeal from the court's judgment. In addition to paying a retainer fee to Slosberg, McAlister paid him for the cost of a transcript of the proceedings before the District Court.

During the ensuing approximately two-year period, McAlister was in regular contact with Slosberg, either in person or by telephone every other week. McAlister met with Slosberg between ten and twenty times. Each of the meetings required that McAlister take one-half day from his employment, where he was earning approximately eleven dollars an hour. In June 1992,[3] McAlister

---

1. Following Slosberg's failure to comply with a discovery order, McAlister filed an uncontested motion for sanctions, and the Superior Court ordered an entry of default pursuant to M.R.Civ.P. 37(b)(2)(C) which provides:

 (2) *Sanctions by Court in Which Action Is Pending.* If a party of an officer, director, or managing agent of a party or a person designated under Rule 30(b)(6) or 31(a) to testify on behalf of a party fails to obey an order to provide or permit discovery, including an order made under subdivision (a) of this rule or Rule 35, the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following:

 . . . .

 C. An order ... rendering a judgment by default against the disobedient party.

2. Slosberg does not challenge the jury's award to McAlister of his attorney fees and costs in the amount of $3,510 included in the total damage award.

3. McAlister had also retained Slosberg to represent him on a charge of operating a motor vehi-

learned that pursuant to M.R.Civ.P. 76G(b), the appeal had been dismissed for Slosberg's failure to file an appellate brief on behalf of McAlister. Throughout the period that McAlister believed his appeal to be pending, he felt constant concern about the appeal, anxiety, headaches, stomach aches and cramping, and was on medication. These symptoms did not subside until several months after he had learned the appeal had been dismissed.

At the close of McAlister's case at the trial on the issue of McAlister's damages, the court granted Slosberg's motion for a judgment as a matter of law on McAlister's claim of damages in the amount of the child support obligations imposed on him by the judgment in the paternity proceeding. From the judgment entered on the jury verdict, Slosberg appeals and McAlister cross-appeals.

### I.

Slosberg first contends that as a matter of law McAlister could not recover damages for lost wages and mental distress or for punitive damages because they were not proximately caused by his admitted conduct. We disagree.

 When a default is entered against a defendant, the allegations in the plaintiff's complaint are deemed to be true and become findings of fact. *Brouillard v. Allen,* 619 A.2d 988, 991 (Me.1993); *Forbes v. Wells Beach Casino, Inc.,* 409 A.2d 646, 652 (Me. 1979). A default establishes liability, and the trial court may conduct a hearing on damages as it deems necessary. *Oliver v. Martin,* 460 A.2d 594, 595 (Me.1983); M.R.Civ.P. 55(b)(2). In addition, a plaintiff may recover damages for severe emotional distress arising out of a legal malpractice action. *Burton v. Merrill,* 612 A.2d 862, 865 (Me.1992). To recover punitive damages, the plaintiff must demonstrate that the defendant acted with malice. *Tuttle v. Raymond,* 494 A.2d 1353, 1361 (Me.1985).

cle while under the influence of intoxicating liquor, in violation of 29 M.R.S.A. § 1312–B (Pamph.1994). When Slosberg three times failed to meet McAlister at court for a hearing on

 In his complaint, McAlister, *inter alia,* alleged that he suffered emotional distress as a proximate result of Slosberg's intentional misrepresentations of the status of his appeal. McAlister further alleged that Slosberg acted with malice when making intentional misrepresentations concerning the status of the appeal. As a result of the default, McAlister's allegations are deemed to be true, and the issue of the amount of the damages, if any, suffered by McAlister as a result of Slosberg's admitted conduct was properly submitted to the jury for its determination.

### II.

 By his cross-appeal, McAlister contends that the trial court erred in granting a judgment as a matter of law in favor of Slosberg on McAlister's claim to recover the amount of child support payments imposed by the judgment in the paternity action. We disagree.

To prevail on his claim for damages in the amount of his child support obligation, McAlister had not only to prove that Slosberg was negligent, but McAlister must also prove that, absent Slosberg's negligence, McAlister would have been successful on his appeal from the judgment of the District Court entered in the paternity action. *Jourdain v. Dineen,* 527 A.2d 1304, 1306 (Me.1987); *Schneider v. Richardson,* 411 A.2d 656, 658 (Me.1979).

The record reveals that McAlister's complaint contains no allegation nor did he offer any evidence that, absent the misconduct by Slosberg, he would have been successful on the appeal. McAlister merely alleged in his complaint that he suffered "the lost opportunity which may have resulted in prevailing on the appeal." Accordingly, on this record, the trial court properly granted a judgment as a matter of law in favor of Slosberg on this claim.

McAlister's motion to suppress evidence in that case, McAlister retained other counsel, who also investigated the status of McAlister's appeal and advised him of the dismissal.

The entry is:

Judgment affirmed.

All concurring.