1998 ME 137

**Frederick WHEELER**

v.

**Russell B. WHITE.**

Supreme Judicial Court of Maine.

Argued Feb. 2, 1998.

Decided June 4, 1998.

Todd S. Holbrook (orally), Peter J. Rubin, Bernstein, Shur, Sawyer & Nelson, P.C., Portland, for plaintiff.

James M. Bowie (orally), Thompson & Bowie, Portland, for defendant.

Before WATHEN, C.J., and ROBERTS, CLIFFORD, RUDMAN, DANA, and LIPEZ, JJ.

RUDMAN, Justice.

[¶ 1]  Frederick Wheeler appeals from the judgment entered in the Superior Court (York County, *Crowley, J.*) following a jury verdict in favor of Russell B. White. Wheeler contends that the trial court erroneously instructed the jury on the issue of causation. Because we conclude that the jury charge in its entirety did not prejudice Wheeler, we affirm the judgment.

I.

[¶ 2]  Wheeler initiated this action against his former attorney, Russell White, alleging negligent representation, breach of contract, and negligent infliction of emotional distress. In February of 1992, Wheeler engaged White to assist him in leasing commercial property located in York. Wheeler testified that he informed White that the property's owner was experiencing financial difficulties, that Fleet Bank held a mortgage on the property, and that Wheeler wanted to secure a long-term lease. Wheeler and White agreed that White would prepare a lease and would record a memorandum thereof. White advised Wheeler that "[t]he memorandum of lease is a good idea because recording this would give you better protection against a possible foreclosure." White acknowledged that he did not counsel Wheeler as to the advisability of his obtaining either a subordination agreement or nondisturbance agreement.

[¶ 3] In May of 1994, Wheeler learned from a friend that the leased premises was to be auctioned as a result of a foreclosure. Wheeler then contacted White, who admitted that he had recorded neither the lease nor the memorandum of lease but indicated that he would do so promptly. The property eventually was auctioned, and although Wheeler attempted to purchase it, he could not. In December of 1994, Wheeler surrendered the leased premises.

[¶ 4] At trial, Wheeler testified that if "White had told [him] back in 1992, in February of 1992 that [he] could be evicted by an existing mortgage holder, and that the memorandum of lease would not protect [him]," then he would not have leased the premises. He also testified that if White had indicated that a subordination or a nondisturbance agreement would have provided some protection, then he would have instructed White to negotiate such an agreement with Fleet Bank.

[¶ 5] White conceded that a subordination or nondisturbance agreement can protect a lessee from eviction in the event of a bank foreclosure whereas a memorandum of lease does not protect against foreclosure. White testified, however, that his prior dealings with Fleet Bank had given him the impression that the bank generally does not enter into subordination agreements. He also opined that Wheeler's circumstances were not likely to facilitate the negotiation of a subordination agreement because "he was already in the property" and because "he wasn't presenting a large financial benefit to an institution." He testified that when he met with Wheeler in February of 1992, Wheeler had already moved into the leased premises.

The court instructed the jury, in relevant part, as follows:

in this case Frederick Wheeler, the Plaintiff, has claimed that the Defendant, Russell White, negligently caused his injuries. In order to prevail in this action for legal malpractice, the Plaintiff must prove by a preponderance of the evidence that the Defendant, Russell White committed professional negligence in his representation of the Plaintiff by deviating from the appropriate standard of care as you find it from the testimony of the attorneys in this case.... Two, but for Defendant's professional negligence the Plaintiff would not have taken the tenancy or would not have lost his tenancy in the property he leased.... And, three, that the Defendant's negligence was a proximate cause of the total loss or damages claimed by the Plaintiff Frederick Wheeler.

. . . .

If the Plaintiff, Frederick Wheeler, does not satisfy you by a preponderance of the evidence that the Defendant, Russell White, committed negligent conduct back in 1992, then the case is over.... If the Plaintiff, Frederick Wheeler, does satisfy you by a preponderance of the evidence that the Defendant was negligent, you must next consider proximate cause. Let me explain that term to you.

Negligence is the proximate cause of damage if it plays a substantial part in causing the damage and the damage is a direct result of the negligence or the damage was a reasonably foreseeable result of the negligence. A loss may have more than one legal or proximate cause. Two or more persons or things may act together independently or together to cause injury or damage. And in such a case each may be a legal cause. If the Plaintiff, Frederick Wheeler, does not satisfy you by a preponderance of the evidence that Russell White's negligence was the proximate cause of his damages, the case will be over. If, however, the Plaintiff has satisfied you by a preponderance of the evidence of both negligence and proximate cause against Russell White, then before you consider Frederick Wheeler's damages you must first consider the defense of contributory negligence that's been raised by the Defendant Russell White.

The Defendant here, through his attorney, contends that the Plaintiff, Frederick Wheeler, negligently caused his own injuries. This is a defensive claim and the burden of proof on this claim by a preponderance of the evidence is on the Defendant ... if you find in favor of the Defendant, Russell White, on his defensive claim

of contributory negligence, then you must next apply our law of comparative negligence to apportion the relative fault or responsibility for the damage.

The jury returned a verdict in favor of White, unanimously responding in the negative to the first question on the special verdict form, "[w]as defendant Russell White negligent, and was his negligence a proximate cause of injury and damages to Plaintiff Frederick Wheeler." This appeal followed.

## II.

[¶ 6] "We review jury instructions 'in their entirety to determine if they are adequate, taking into consideration the total effect created by the instructions and the potential for jury misunderstanding.'" *Thompson v. Pendleton*, 1997 ME 127, ¶ 13, 697 A.2d 56, 59 (quoting *Adamatic v. Progressive Baking Co.*, 667 A.2d 871, 874 (Me. 1995)). An error in a jury instruction does not constitute reversible error unless it results in prejudice. *See Adamatic v. Progressive Baking Co.*, 667 A.2d 871, 874 (Me.1995).

[¶ 7] The burden on the trial court in this case was to instruct the jury properly with respect to the causation element of a legal malpractice claim. As in all actions in tort, an essential element of the plaintiff's cause of action

is that there be some reasonable connection between the act or omission of the defendant and the damage which the plaintiff has suffered. This connection usually is dealt with by the courts in terms of what is called "proximate cause," or "legal cause." There is perhaps nothing in the entire field of law which has called forth more disagreement, or upon which the opinions are in such a welter of confusion.

W. PAGE KEETON ET AL., PROSSER AND KEETON ON THE LAW OF TORTS § 41, at 263 (5th ed. 1984). As noted by Dean Zillman and his colleagues in *Maine Tort Law*, "[t]he issue of proximate cause has fascinated and baffled generations of lawyers, academics, and jurists." *See* Zillman, Simmons & Gregory, *Maine Tort Law* § 7.12 at 7–29 (3d ed. 1997).

[¶ 8] We observed in *Spickler v. York* that "[i]n a malpractice action, as in any

other action based on negligence, a negligent act ... is a *legal cause* of harm to such other person if 'the actor's conduct is a *substantial factor* in bringing about the harm.'" 566 A.2d 1385, 1390 (Me.1989) (quoting *Wing v. Morse*, 300 A.2d 491, 496 (Me.1973)) (emphasis in original). Thus, in a legal malpractice case, once a plaintiff demonstrates that the defendant attorney was negligent, the plaintiff must show that that negligence actually and proximately caused his or her injury. The trial court instructed the jury: "[i]n order to prevail in this action for legal malpractice, the Plaintiff must prove by a preponderance of the evidence that.... Two, but for Defendant's professional negligence the Plaintiff would not have taken the tenancy or would not have lost the tenancy in the property he leased." White argues that our case law supports the court's instruction, citing *Sohn v. Bernstein*, 279 A.2d 529, 532 (Me.1971), *Schneider v. Richardson*, 411 A.2d 656, 658 (Me.1979), and *McAlister v. Slosberg*, 658 A.2d 658, 660 (Me.1995). We note, however, that the cases cited by White do not involve an allegation of contributory negligence on the part of the plaintiff. As Professor Prosser notes:

Restricted to the question of causation alone, and regarded merely as a rule of exclusion, the "but for" rule serves to explain the greater number of cases; but there is one type of situation in which it fails. If two causes concur to bring about an event, and either one of them, operating alone, would have been sufficient to cause the identical result, some other test is needed.

KEETON ET AL., *supra*, at 266.

[¶ 9] The trial court's use of a "but for" instruction was ill-advised, for this is a case in which two causes may have occurred to bring about an event and either one of them, White's negligence or Wheeler's contributory negligence, would have been sufficient to cause the result.

[¶ 10] Professor Prosser suggests the "substantial factor" formulation to be an improvement over the "but for" rule. We agree. In this case, evidence was presented upon which a jury could have found White negligent and Wheeler contributorily negli-

gent. The court correctly instructed the jury that "negligence is the proximate cause of damage if it plays a substantial part in causing the damage and the damage is a direct result of the negligence or the damage was a reasonably foreseeable result of the negligence." The court went on to instruct the jury on the law of comparative negligence and explained how they should complete the jury verdict form. Wheeler argues that the jury was misled by the court's unfortunate use of the "but for" instruction. Wheeler asserts that the "but for" instruction implied that for him to recover the jury had to conclude that White's negligence was the sole cause of his damages. The jury was, however, fully instructed upon the principles of comparative negligence. On the record presented to us, we cannot conclude that the jury was misled. *See Stanley v. Schiavi Mobile Homes, Inc.*, 462 A.2d 1144, 1149 (Me.1983). Reading the jury instructions in this case in their entirety, we find them to be adequate and, taking into consideration the total effect created by these instructions, we conclude that there was no potential for jury misunderstanding.

The entry is:

Judgment affirmed.

LIPEZ, Justice, with whom DANA, Justice, joins, dissenting.

[¶ 11] I must respectfully dissent. The court's "but for" instruction on proximate cause, which the Court acknowledges was "ill-advised," created such a potential for jury misunderstanding that the jury instructions in their entirety failed to explain adequately the plaintiff's burden of proving causation. That failure prejudiced the plaintiff. *See Adamatic v. Progressive Baking Co.*, 667 A.2d 871, 874 (Me.1995).

[¶ 12] The facts of this case reveal an unhappy combination of plaintiff impatience and poor advice from a lawyer. Despite the evidence that a number of factors contributed to the plaintiff's decision to take the tenancy and to his subsequent loss of the tenancy, the court instructed the jury that the plaintiff could only establish his malpractice case if he proved by a preponderance of the evidence that "but for Defendant's profes-

sional negligence the Plaintiff would not have taken the tenancy or would not have lost the tenancy in the property leased...." This instruction erroneously told the jury that if the plaintiff's own negligence was a substantial factor in his decision to take the tenancy, he loses. The court compounded this error by also telling the jury that the plaintiff loses if he "does not satisfy you by a preponderance of the evidence that [the defendant's] negligence was *the* proximate cause of his damages...." (emphasis added). Again, the court told the jury that the plaintiff loses if his own negligence was a substantial factor in his decision to take the tenancy, thereby ignoring the critical point that a plaintiff whose own negligence was a substantial factor in causing the harm alleged can still recover from a negligent defendant.

[¶ 13] Although the court did tell the jury that "[a] loss may have more than one legal or proximate cause," the court repeated the phrase "the proximate cause of damage" in its definition of negligence ("[n]egligence is *the* proximate cause of damage if it plays a substantial part in causing the damage and the damage is a direct result of the negligence or the damage was a reasonably foreseeable result of the negligence." (emphasis added)). It also repeated the ill-advised concept of a sole cause of damage when it stated in the comparative negligence instruction that the defendant "must prove by a preponderance of the evidence that the Plaintiff Frederick Wheeler's negligence was *the* proximate or legal cause of his own damages." (emphasis added). This misstatement of the defendant's proof requirement on causation paralleled the misstatement of the plaintiff's proof requirement. Given this error, the comparative negligence instruction cannot save the rest of the instruction from prejudicial error.

[¶ 14] It also seems odd to rely on the comparative negligence instruction to save the erroneous instruction on causation in the plaintiff's case when the jury never reached the comparative negligence issue. As noted in the Court's opinion, the jury answered only the first question on the verdict form, "[w]as defendant Russell White negligent, and was his negligence a proximate cause of

injury and damages to plaintiff Frederick Wheeler?" Indeed, the verdict form compounded the confusion of the instructions on causation by its appropriate reference to negligence that was "*a* proximate cause of injury...." (emphasis added). As noted, the court's instruction referred repeatedly and erroneously to "*the* proximate cause of injury...." (emphasis added).

[¶ 15] White defends the court's instructions by referring to the language we used in cases such as *Sohn v. Bernstein,* 279 A.2d 529 (Me.1971), and *Schneider v. Richardson,* 411 A.2d 656 (Me.1979). These cases stood for the proposition that a plaintiff alleging negligence on the part of an attorney in a prior lawsuit must establish that he or she "could have recovered" in that prior lawsuit absent the attorney's negligence. *See Sohn,* 279 A.2d at 532; *Schneider,* 411 A.2d at 658. We rejected that formulation of causation in *Spickler v. York,* 566 A.2d 1385 (Me.1989), where the court told the jury that the plaintiff must satisfy them "by a fair preponderance of the evidence that, had the negligence of the Defendant not been committed, ... the result in the [underlying] trial *could* have been different." *Id.* at 1390 (emphasis in original). We concluded that the use of the word "could" failed to instruct the jury that "more than a mere possibility" that the defendant's alleged negligence caused the plaintiff's loss of the underlying litigation is necessary to establish that the defendant's conduct constituted a proximate cause of the plaintiff's injury. *Id.* We determined that "[i]n a malpractice action ... a negligent act ... is a *legal cause* of harm to such other person if 'the actor's conduct is a *substantial factor* in bringing about the harm.'" *Id.* (quoting *Wing v. Morse,* 300 A.2d 491, 496 (Me.1973)) (emphasis in original).

[¶ 16] Recently, however, we invoked a variation of the "but for" test of causation in a legal malpractice action involving an allegation of negligence in prior litigation. In *McAlister v. Slosberg,* 658 A.2d 658 (Me. 1995), we stated that the plaintiff "had not only to prove that [the attorney] was negligent, but [plaintiff] must also prove that, absent [the attorney's] negligence, [plaintiff] would have been successful on his ap-

peal...." *Id.* at 660; *see also Hoitt v. Hall,* 661 A.2d 669, 671 (Me.1995) ("The legal malpractice case required [plaintiff] to prove that she would have recovered against the State if [the attorney] had filed a timely claim."). Although the "would have recovered" requirement for a malpractice action involving a prior lawsuit approximates a "but for" test, that requirement is not appropriate for all types of malpractice actions.

[¶ 17] This malpractice action does not involve a claim that the plaintiff would have prevailed in a prior lawsuit if the defendant attorney had not been negligent. Instead, the plaintiff claims that negligent legal advice was a substantial factor in his unwise tenancy decision. A "but for" instruction is unworkable in such a case, where a number of factors contribute to the business decision of a plaintiff, including negligent legal advice. Such legal advice may play "a substantial part in bringing about or actually causing the injury or damage" to the plaintiff, and hence the defendant may be liable for damages flowing from the unwise business decision. That is the claim of the plaintiff in this case. It deserved a clear, consistent instruction on the "substantial factor" formulation of proximate cause. Instead, the court's blend of "but for," "sole cause," and "multiple cause" language confused the jurors and prejudiced the plaintiff. I would vacate the judgment.