STATE OF MAINE                                      SUPERIOR COURT
PENOBSCOT COUNTY, ss.                                 CIVIL ACTION
                                                    DOCKET NO.
                                                      BANSC-CV-2020-00057

                                          )
DONNA DEARBORN, as personal representative )
of the estate of WAYNE DEARBORN,          )
                                          )
              Plaintiff,                   )     ORDER on BOLSTER'S RUBBISH
      v.                                   )     REMOVAL, LLC's MOTION FOR
                                          )         SUMMARY JUDGMENT
BOLSTER'S RUBBISH REMOVAL, LLC.           )
                                          )
              Defendant.                   )
                                          )

Before the Court is Defendant Bolster's Rubbish Removal, LLC's motion for summary

judgment. The complaint was filed by Ronald Dearborn, as guardian for the now-deceased Wayne

Dearborn, who is alleged to have been injured as a result of Bolster's negligence. Donna Dearborn

has now been substituted for Ronald as representative of Wayne's estate. Bolster's seeks summary

judgment on both counts of the complaint.

## I.     FACTUAL BACKGROUND

The Town of Garland operated a trash transfer station on Center Road in Garland, Maine,

consisting of a ramp leading up to a dumpster. (Supp.'g S.M.F. ¶ 1-2; Opp. S.M.F. ¶¶ 1-2.) Most of

the ramp was a flat, open surface resembling a parking lot, upon which town residents could park.

Dumpsters were placed against the edge of the ramp and next to a trailer also abutting the ramp.

(Supp.'g S.M.F. ¶ 3; Opp. S.M.F. ¶ 2.) By contract with the Town, Bolster's emptied and replaced the

dumpsters, which sometimes were placed so as to leave a gap between the dumpster and trailer, and

at other times were placed flush to the trailer. (Supp.'g S.M.F. ¶¶ 4, 6-7; Opp. S.M.F. ¶¶ 6, 31.) The

contract did not indicate where Bolster's was to place dumpsters or whose responsibility it was to give

safety warnings at the transfer station. (Opp. S.M.F. ¶¶ 32, 37-38)

1

On October 20, 2018, Donna and Wayne Dearborn drove to the transfer station and parked their car on the ramp. (Supp.'g S.M.F. ¶¶ 12-13; Opp. S.M.F. ¶¶ 10-11.) Ms. Dearborn sat in the car watching Wayne unload trash into the dumpster. (Supp.'g S.M.F. ¶ 14; Opp. S.M.F. ¶ 16.) Ms. Dearborn saw her husband step aside, facing away from the dumpster, and signal other drivers to back up to the dumpster. (Supp.'g S.M.F. ¶ 15; Opp. S.M.F. ¶ 17.) At some point Ms. Dearborn lost sight of Wayne. (Supp.'g S.M.F. ¶ 16; Opp. S.M.F. ¶ 18.) When she went to look for him, she found he had fallen over four feet onto the ground in a gap between the dumpster and the trailer and had been injured. (Supp.'g S.M.F. ¶¶ 16-17; Opp. S.M.F. ¶¶ 19, 21, 23, 25.)

## II. PROCEDURAL POSTURE

A two-count complaint was filed in this action on March 31, 2020, asserting claims of general negligence and premises liability against the Town and Bolster's. On October 18, 2022, this Court (Anderson, J.) granted the Town's motion for summary judgment, leaving Bolster's as the sole defendant. On January 1, 2023, Bolster's filed this motion for summary judgment. On February 10, 2023, Ms. Dearborn filed her opposition, and on February 22, 2022, Bolster's filed its reply. Now fully briefed, the motion is in order for decision.

## III. SUMMARY JUDGMENT STANDARD

An entry of summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. *See Dyer v. DOT*, 2008 ME 106, ¶ 14, 951 A.2d 821; *see also* M.R. Civ. P. 56(c). "A material fact is one that can affect the outcome of the case, and there is a genuine issue when there is sufficient evidence for a fact-finder to choose between competing versions of the fact." *Lougee Conservancy v. CitiMortgage, Inc.*, 2012 ME 103, ¶ 11, 48 A.3d 774 (citations omitted). At summary judgment, a court reviews the evidence in the light most favorable to the non-moving party. *See Curtis v. Porter*, 2001 ME 158, ¶ 6, 784 A.2d 18. "When the defendant is the

2

moving party, she must establish that there is no genuine dispute of fact and that the undisputed facts would entitle her to judgment as a matter of law." *Toto v. Knowles*, 2021 ME 51, ¶ 9 261 A.3d 233. "A plaintiff opposing summary judgment must in turn present a *prima facie* case for each challenged element of her claim." *Boivin v. Somatex, Inc.*, 2022 ME 44, ¶ 10, 279 A.3d 393.

## IV. DISCUSSION

Because certain questions raised in the Court's analysis of Count I are answered by the resolution of Count II, the Court addresses Count II first.

### A. Count II – Landowner or Occupier Liability

Count II sounds in premises liability. Bolster's argues it cannot be liable under this theory because it neither owned nor controlled the transfer station. (Def.'s Mot. Summ. J. 4.)

Whether an entity owes a duty to maintain safe premises is a question of law. *Denman v. Peoples Heritage Bank*, 1998 ME 12, ¶ 4, 704 A.2d 411. Maine law clearly imposes on the *possessor* of land a duty to use reasonable care to prevent injury to persons lawfully on the premises. *See Denman*, 1998 ME 12, ¶ 4, 704 A.2d 411; *Hankard v. Beal*, 543 A.2d 1376, 1378 (Me. 1988); *Poulin v. Colby College*, 402 A.2d 846, 849 (Me. 1979). As a result, "[t]he threshold inquiry for determining whether [an entity] may be liable for defects in land causing injury [is] the initial determination of whether the [entity] in question was a possessor of the land at the time of the injury." *Erickson v. Brennan*, 513 A.2d 288, 289-90 (Me. 1986). Possession of land is determined by occupancy and the intent to control, and "in order to obtain summary judgment, defendants must prove that they are not possessors of the premises in question." *Hankard*, 543 A.2d at 1378; *Erickson*, 513 A.2d at 290. The Law Court has affirmatively cited to the Second Restatement of Torts to define a possessor in this context, which provides:

> [a] possessor of land is (a) a person who is in occupation of the land with intent to control it or (b) a person who has been in occupation of land with intent to control it, if no other person has subsequently occupied it with intent to control it, or (c) a person who is entitled to immediate occupation of the land, if no other person is in possession under Clauses (a) and (b).

3

Restatement (Second) of Torts: Possessor of Land Defined § 328E (Am. L. Inst. 1965); *Hankard*, 543 A.2d at 1378; *Erickson*, 513 A.2d at 290.

The record establishes that the Town possessed the transfer station.[1] Although Bolster's entered the property to replace dumpsters, this activity did not make it possessor of the premises. *See, e.g., Boles v. White*, 2021 ME 49, ¶¶ 10-11, 260 A.3d 697 (finding a landlord who preserved a right to enter the property for "inspection and repair" not to be a possessor under premises liability). The Court therefore must grant Bolster's motion for summary judgment as to Count II. Bolster's was not the possessor of the premises and is not subject to premises liability.

### B. Count I – Negligence

Count I alleges that Bolster's was negligent in its placement of the dumpster. To survive a motion for summary judgment on an action alleging negligence, a plaintiff "must establish a *prima facie* case for each of the four elements of negligence: duty, breach, causation, and damages." *Boivin*, 2022 ME 44, ¶ 11, 279 A.3d 393 (quoting *Quirion v. Geroux*, 2008 ME 41, ¶ 9, 942 A.2d 670).

#### 1. Duty of Care

Bolster's first argues Ms. Dearborn has not established it owed Wayne a duty of care. (Def.'s Mot. Summ. J. 4-8.) The existence of a duty of care is a question of law. *Reid v. Town of Mt. Vernon*, 2007 ME 125, ¶ 14, 932 A.3d 539; *Alexander v. Mitchell*, 2007 ME 108, ¶ 14, 930 A.2d 1016. As established above, Bolster's had no duty of care for premises liability. Neither does the record suggest it owed Mr. Dearborn a contractual duty of care.[2] This does not end the Court's inquiry. Even if no

---

[1] Bolster's undisputed statement of material facts states that the Town "owned, operated and controlled" the transfer station. (Supp.'g S.M.F. ¶ 1.) In her response, Ms. Dearborn denied that the transfer station was controlled solely by the Town, stating that "[t]he hazard was controlled by Bolster's as well as the town," but Ms. Dearborn did not controvert Bolster's statement that the transfer station was owned and operated by the Town. (Response to Supp.'g S.M.F. ¶ 1.) Any statement of fact not properly controverted is deemed admitted. M.R. Civ. P. 56(h)(4); *see also Stanley v. Hancock County Comm'rs*, 2004 ME 157, ¶ 18, 864 A.2d 169.

[2] In her own statement of additional material facts Ms. Dearborn asserts that "There was no written policy about where the containers should be placed, and Bolsters [sic.] is unaware of any discussions," "Bolsters [sic.] is unaware of the town

4

such special duty applies, a defendant can still owe a general duty of care. *See Boivin*, 2022 ME 44, ¶ 12, 279 A.3d 393 (citing Restatement (Third) of Torts: Liability for Physical and Emotional Harm § 6, cmt. f (Am. L. Inst. 2010)). A general duty of care is created wherever "a defendant is under any obligation for the benefit of the plaintiff." *Reid*, 2007 ME 125, ¶ 15, 932 A.3d 539. "The duty of reasonable care that applies in an action for general negligence is a 'duty to act reasonably to avoid causing *physical harm* to others.'" *Boivin*, 2022 ME 44, ¶ 12, 279 A.3d 393 (emphasis in original) (quoting *Curtis*, 2001 ME 158, ¶ 6, 784 A.2d 18). It is undisputed that Bolster's had a contractual obligation to place the dumpsters at the transfer station, and a practice of doing so. These facts establish a *prima facie* case that Bolster's owed a general duty of care which Ms. Dearborn seeks to hold it liable for breaching.

## 2. Breach

Bolster's next argues it breached no duty because Ms. Dearborn "failed to present any evidence to establish that . . . the placement of the [dumpster] breached any standard of care owed." (Def.'s Mot. Summ. J. 8-9.) Whether an entity has breached its duty of care is a question of fact. *See Estate of Smith v. Cumberland County*, 2013 ME 13, ¶ 17, 60 A.3d 759. That Bolster's owed a duty and an accident occurred does not mean it breached its duty. *Reid*, 2007 ME 125, ¶ 18, 932 A.3d 539 ("The mere fact of the happening of an accident is not evidence of negligence."). But a dispute of fact remains whether Bolster's placement of the dumpster breached a duty of care. The record suggests "Bolster's placed its dumpster an unreasonable distance from a Town-owned trailer next to the unguarded edge of the ramp, thereby creating a hazard." (Supp.'g S.M.F. ¶ 18.) Viewed in the light most favorable to Ms. Dearborn, the Court finds that allegation raises an issue of material fact that it cannot resolve.

---

giving instructions to Bolsters [sic] as to where to put the dumpster at the transfer station," and "Bolster's testified that it was not its responsibility per the contract to give warnings, or do [sic] place its dumpster in a safe manner." (Opp. S.M.F. ¶¶ 32, 37-38.) There is also no assertion that Bolster's had any contractual relationship with Wayne.

### 3. Causation

Bolster's argues for a separate and independent ground on which it seeks summary judgment. It argues that the placement of the dumpster could not have caused the fall. (Def.'s Mot. Summ. J. 9-10.) The Court must address this.

"Causation is . . . a question of fact, requiring proof that there is some reasonable causal connection demonstrated in the record between the act or omission of the defendant and the damage that the plaintiff has suffered." *Estate of Smith*, 2013 ME 13, ¶ 17, 60 A.3d 759. The Law Court has held that "a negligent act . . . is a *legal cause* of harm to such other person if the actor's conduct is a *substantial factor* in bringing about the harm." *Wheeler*, 1998 ME 137, ¶¶ 8-10, 714 A.2d 125 (emphasis in original). The record establishes a contested issue of material fact as to whether there was a causal connection between Defendant's actions and Wayne's fall. Sometimes the dumpster was placed flush with the trailer, with no gap between them, but at the time of Wayne's fall the dumpster was placed so as to leave a gap between it and the trailer. (Supp.'g S.M.F. ¶ 17; Opp. S.M.F. ¶¶ 6, 21.) The jury will have to decide whether the placement of the dumpster was a substantial factor in causing the fall and whether that result was reasonably foreseeable. (Supp.'g S.M.F. ¶ 18.) On this basis, as well, the Court must deny the motion for summary judgment as to Count I.

## V. CONCLUSION

Ms. Dearborn has established a *prima facie* case for liability on her negligence claim. Summary judgment must therefore be Denied as to Count I. Because Bolster's cannot be held liable under a theory of premises liability, it is entitled to summary judgment on Count II. Therefore, the **Entry is:**

Defendant Bolster's Rubbish Removal, LLC's motion for summary judgment is **DENIED AS TO COUNT I** and **GRANTED AS TO COUNT II.**

The clerk is directed to incorporate this order into the docket, by reference, pursuant to M.R. Civ. P. 79(a).

_August 4, 2023_
Date

The Hon. Bruce C. Mallonee
Justice, Maine Superior Court

Entered on the docket: 08/07/2023