DONALD L. GARBRECHT
LAW LIBRARY

STATE OF MAINE
ANDROSCOGGIN, ss.

APR 17 2002

SUPERIOR COURT
CIVIL ACTION
Docket No. CV-00-188

ERMA MOWER and DWIGHT MOWER,
        Plaintiff,

RECEIVED & FILED

v.                                                    ORDER

APR 08 2002

GARY REED and GREGORY REED,
        Defendant.

ANDROSCOGGIN
SUPERIOR COURT

## FACTS AND PROCEDURAL HISTORY

The following findings of fact are based upon the parties' statements of material facts: On October 4, 2000, Erma and Thomas Mower initiated this suit by filing a complaint in the Androscoggin County Superior Court. In their complaint, the plaintiffs alleged that, on December 17, 1995, Erma Mower slipped and fell on the icy exterior porch of a house located on Todd Road in Greene, Maine that was owned by Wallace Reed, Dell Reed, Gary Reed, and Gregory Reed. In their complaint, the Mowers alleged that the defendants had been negligent in failing to keep the entrance to the property free of ice, snow and other hazards.

Dell Reed was Erma Mower's sister-in-law, Wallace was Dell Reed's husband, and Gary and Gregory were Mr. and Mrs. Reed's children. In 1988, the elder Reeds had deeded the property to their sons, while reserving a life estate for themselves. At the time of the fall, Dell and Wallace Reed were the occupants of the property on Todd Road. Mr. Reed died on May 5, 1999, Mrs. Reed died on October 3, 2000.

Gary and Gregory Reed were each served with copies of the Complaint in December 2000. Neither Dell nor Wallace Reed was ever served, and neither they nor their estates are parties to this action.

On November 27, 2001, defendants filed a Motion for Summary Judgment, alleging that, as a matter of law, they had no liability for the property at the time Mrs. Mower fell. The motion was argued on April 3, 2002.

## DISCUSSION

Motions for summary judgment have been addressed by the Law Court on many occasions:

> In reviewing a summary judgment, we examine the evidence in the light most favorable to the nonprevailing party to determine whether the record supports the conclusion that there is no genuine issue of material fact and that the prevailing party is entitled to a judgment as a matter of law. *(citation omitted)* In testing the propriety of a summary judgment, we accept as true the uncontroverted facts properly appearing in the record. (citation omitted)

*Champagne v. Mid-Maine Med. Ctr.*, 1998 ME 87, ¶ 5, 711 A.2d 842, 844. The issue is not whether there are any disputes of fact, but whether any of the disputes involve a "genuine" issue of "material" fact. *See* Rule 56(c). After reviewing the record provided, with these standards in mind, the court must conclude that there are no genuine issues of disputed fact.

The court is satisfied that the plaintiffs cannot establish that the defendants were "possessors" of the property in Greene. *Erickson v. Brennan*, 513 A.2d 288 (Me. 1986). There is no evidence to support a finding that the defendants occupied, possessed, or exercised control over the property. The small projects of repair and/or maintenance done by the defendants for their parents cannot, as a matter of law, give rise to a duty to maintain the property in any way.

2

Given the circumstances of this case, the court finds that there are no material issues of disputed fact and that, as a matter of law, defendants are entitled to judgment on the plaintiffs' complaint.

## ORDER

For the reasons stated above, the defendants' motion for summary judgment is granted.

The clerk is instructed to incorporate this order by reference in the docket for this case.

DATED: April 8, 2002

Ellen A. Gorman
Justice, Maine Superior Court

3

Date Filed __10-04-00__ __Androscoggin__ Docket No. __CV-00-188__
County

Action __PERSONAL INJURY__

|  |  |
|---|---|
| DWIGHT (Amended 10-18-00)<br>ERMA and ~~THOMAS~~ MOWER<br>Greene, Maine | ~~WALLACE REED~~ (Amended 10-18-00)<br>DELL REED<br>GARY REED<br>GREGORY REED<br>Greene, Maine |

vs.

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| Susan E. Oram, Esq.<br>BONNEAU & GEISMAR<br>P.O. Box 7230<br>Lewiston, ME  04243-7230 | Paul S. Douglass, Esq. (Gary Reed)<br>~~PLATZ & THOMPSON, P.A.~~ (Gregory Reed) (1-3-0<br>~~P.O. Box 960~~<br>~~Lewiston, ME  04243-0960~~<br><br>471 Main St., P.O. Box 1346   (3-3-01)<br>Lewiston, ME. 04243-1346 |

| Date of Entry | |
|---|---|
| **2000**<br>Oct 12 | Received 10-04-00:<br>Summary Sheet filed.<br>Complaint filed. ($120.00 filing fee paid receipt #32 on 10-04-00) |
| "     " | On 10-12-00:<br>Case file notice mailed. |
| Oct. 19: | Received 10-18-00.<br>Amended Complaint, filed. |
| Dec. 14: | Received 12-13-00.<br>Summons filed showing officer's return of service on 12-9-00 upon Defendant Gary Reed. |
| Dec 29 | Received 12-26-00:<br>Answer of Defendant Gary Reed filed.<br>Paul S. Douglass, Esq. appears on behalf of Defendant Gary Reed.<br>Defendant's Notification of Discovery Service filed.<br>Interrogatories Propounded to Plaintiff Erma Mower by Defendant Gary Reed;<br>Defendant Gary Reed's First Request for Production of Documents from Plaintiff<br>Erma Mower served upon Susan Oram, Esq. on December 22, 2000. |
| Dec 29 | Received 12-27-00:<br>Summons filed showing officer's return of service on 12-20-00 upon Defendant<br>Gregory Reed through Judy Reed. |
| **2001**<br>Jan. 4: | Received 1-3-01.<br>Answer of Defendant Gregory Reed, filed.<br>Paul S. Douglass, Esq. appears for Defendant Gregory Reed. |
| Jan. 16: | Received 1-16-01.<br>Defendants' Notification of Discovery Service, filed.<br>Defendants' Request for Admissions from Plaintiff Erma Mower served on Susan<br>Oram, Esq. on January 12, 2001. |