STATE OF MAINE

KENNEBEC, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-02-82
SKS- KEN-2/5/2004

CANDY L. BICKFORD,

Plaintiff

v.

RONALD L. BISHOP,

Defendant

**JUDGMENT**

DONALD L.

MAR 19 2004

This matter comes before the court for hearing on damages following a default by the defendant on the plaintiff's complaint alleging legal malpractice, intentional infliction of emotional distress, negligent infliction of severe emotional distress, fraud, negligent misrepresentation, punitive damages, and unfair trade practices. The summons and complaint were personally served on the defendant on April 9, 2002. On May 28, 2002, no answer having been filed, the clerk entered the defendant's default. Owing to the nature of the claims, the plaintiff then requested a hearing on damages before the court.

## Discussion

As stated in *McAlister v. Slosberg*, 658 A.2d 658 (Me. 1995):

> When a default is entered against a defendant, the allegations in the plaintiff's complaint are deemed to be true and become findings of fact. A default establishes liability, and the trial court may conduct a hearing on damages as it deems necessary. In addition, a plaintiff may recover damages for severe emotional distress arising out of a legal malpractice action. To recover punitive damages, the plaintiff must demonstrate that the defendant acted with malice.

*Id.* at 660, citations omitted. As a result, liability for all the causes of action have been established, and the court will consider the allegations in the complaint, together with the plaintiff's testimony at hearing, in determining an appropriate damage award.

"The measure of damages [in legal malpractice actions] is the amount the client would have recovered but for the attorney's negligence." *Hoitt v. Hall,* 661 A.2d 669 (Me. 1995). Since the allegations in count I of the complaint are considered admitted, it is assumed that the litigation of the plaintiff's underlying complaint would have been successful. The question becomes one of valuing the original claim. That claim arose out of an automobile accident on December 5, 1994, which left the plaintiff with a skull fracture, broken jaw and arm. As a result, the plaintiff required four surgeries that left her with plates and rods in her jaw and arm and an eight-inch scar on her arm. In addition, the plaintiff no longer can drive at night and she is unable to lift heavy objects. Her recovery has not been complete in that her speech has been affected, her fingers and jaw tend to lock up and she has trouble with her memory. All of these continuing afflictions are the result of the accident. The plaintiff lost $2,825 in wages and had $35,458.12 in medical bills. Those medical bills have been paid through Medicaid, which has a lien in the amount of $25,078.58 upon any judgment. Given the severity of the injury, the extensive medical treatment necessary, and the ongoing symptoms, an award of damages would likely have been substantial.

The defendant represented to the plaintiff that her claim was worth $300,000 and, in fact, the defendant filed a claim against the estate of the driver of the other vehicle in that amount. This would seem to the court to be a fair and appropriate damage amount for the legal malpractice portion of the plaintiff's complaint.

For the emotional distress, fraud, negligent misrepresentation and unfair trade practices claims, the court finds a fair award to be $75,000. For the complaint for punitive damages related to all of the other counts, particularly the legal malpractice count, appropriate damages would be $100,000.

For the reasons stated above, the entry will be:

Judgment for the plaintiff in the amount of $475,000 plus costs.

Dated: February\_\_\_\_5\_\_\_\_, 2004

S. Kirk Studstrup
Justice, Superior Court

CANDY L BICKFORD   - PLAINTIFF
203 DEER HILL ROAD
SOUTH CHINA ME 04358
Attorney for: CANDY L BICKFORD
PAUL DUMAS
PAUL R DUMAS, JR, LLC
225 RIVER ROAD, LOT 3
MEXICO ME 04257-1833


Attorney for: CANDY L BICKFORD
MICHAEL K MARTIN
PETRUCCELLI, MARTIN & HADDOW, LLP
50 MONUMENT SQUARE
PO BOX 17555
PORTLAND ME 04112-8555



vs
RONALD L BISHOP   - DEFENDANT
PO BOX 34 9 ABBOTT ST
WATERVILLE ME 04901


Filing Document: COMPLAINT
Filing Date: 04/22/2002

SUPERIOR COURT
KENNEBEC, ss.
Docket No  AUGSC-CV-2002-00082


**DOCKET RECORD**


Minor Case Type: OTHER NEGLIGENCE

## Docket Events:

04/22/2002 FILING DOCUMENT - COMPLAINT FILED ON 04/22/2002

04/22/2002 Party(s):  CANDY L BICKFORD
           ATTORNEY - RETAINED ENTERED ON 04/22/2002
           Plaintiff's Attorney: PAUL DUMAS

04/22/2002 ATTORNEY - RETAINED ENTERED ON 04/22/2002

04/22/2002 CERTIFY/NOTIFICATION - CASE FILE NOTICE SENT ON 04/22/2002
           Defendant's Attorney: PAUL DUMAS
           MAILED TO ATTY. OF RECORD.

04/22/2002 Party(s):  RONALD L BISHOP
           SUMMONS/SERVICE - CIVIL SUMMONS FILED ON 04/22/2002

04/22/2002 Party(s):  RONALD L BISHOP
           SUMMONS/SERVICE - CIVIL SUMMONS SERVED ON 04/03/2002
           ORIGINAL SUMMONS WITH RETURN SERVICE MADE UPON RONALD BISHOP.

05/02/2002 Party(s):  CANDY L BICKFORD
           OTHER FILING - OTHER DOCUMENT FILED ON 05/01/2002
           Defendant's Attorney: PAUL DUMAS
           NEW SUMMARY SHEET, ADR

05/24/2002 Party(s):  CANDY L BICKFORD
           MOTION - AFFID & REQUEST DEFAULT/JUDG FILED ON 05/24/2002
           Plaintiff's Attorney:  MICHAEL K MARTIN
           REQUEST FOR DEFAULT AGAINST DFT. RONALD BISHOP.

05/28/2002 Party(s):  CANDY L BICKFORD