STATE OF MAINE  
CUMBERLAND, ss

SUPERIOR COURT  
CIVIL ACTION  
DOCKET NO. CV-17-272

STEPHEN CARPENTER,

Plaintiff

v.

JUDGMENT

REC'D CUMB CLERKS OFC  
JAN 19 '18 PM3:03

GLENN MILES,

Defendant

## PROCEDURE

In his complaint filed July 17, 2017, plaintiff Stephen Carpenter alleged defendant Glenn Miles was negligent and proximately caused damages to plaintiff on July 30, 2015 in Standish, Maine. Plaintiff alleged that defendant was operating a motor vehicle and collided with plaintiff, who was running on the side of the road. Plaintiff also alleged that defendant's intentional or reckless conduct was so outrageous that malice may be implied. Plaintiff seeks damages for past and future medical expenses; past and future pain and suffering, emotional distress, loss of enjoyment of life; past and future lost wages, lost earning capacity; and punitive damages.[1]

Defendant was served on July 17, 2017. He filed no response to the complaint and was defaulted on September 5, 2017. Jury-waived trial on damages was held on December 7, 2017. Plaintiff appeared with counsel; defendant did not appear.

## FACTS

Prior to the collision on July 30, 2015, plaintiff was an avid runner and ran every other day. He participated in marathons and triathlons. He described himself as a calm, happy guy, even-tempered, and slow to anger. He was self-employed as a carpenter, doing construction and renovation, a very physical job.

---

[1] Plaintiff Jeanne Disciullo-Carpenter's claim for loss of consortium was withdrawn at trial.

1

On July 30, 2015, he was hit by defendant's truck. Defendant was traveling 63 miles per hour in a 30 mile per hour zone on Middle Jam Road, a curvy, bumpy, narrow country road. Defendant ultimately hit a tree, and the impact crushed the passenger's compartment and trapped defendant in the truck. (Pl.'s Ex. 1.)

Plaintiff sustained compound fractures of his fibula and tibia, injury to his back, and a fractured pelvis. His kidneys were bleeding and not functioning, which required dialysis. His sacrum required screws and permanent wiring. Three rods were inserted in his leg. The first and second rods resulted in infection and were removed. Antibiotics and a PICC line were used for weeks. Finally, a titanium rod was inserted, which was removed in spring 2017. (Pl.'s Exs. 2-6.) He sustained a traumatic brain injury, resulting in significant memory loss. He underwent physical and cognitive therapy. Plaintiff's convalescence and recovery were difficult.

In spite of these very serious physical injuries, plaintiff considers his emotional injuries to be the most significant, long-lasting, and prominent consequence of the collision. He finds his emotional distress difficult to explain. He considered suicide as the wisest option at one time. He falls under the PTSD rubric. He endures a violent and relentless mental attack and anxiety and feels he is under the threat that something wants him gone. He felt this as soon as he regained consciousness after anesthesia; as he tried to reduce reliance on narcotics, his anxiety increased. He currently has a therapist to address this emotional impact and although he has learned to deal with this impact, he believes it is permanent. Plaintiff is 61 years old and has a life expectancy of 82 years.

His medical expenses total approximately $450,000.00. He was unable to work for slightly more than one year and his lost wages for that time period total $30,000.00.

As a result of this accident, defendant was indicted for aggravated assault and reckless

2

conduct with a dangerous weapon. (PL.'s Ex. 2.) After a plea of no contest, he was sentenced on the reckless conduct charge to three years with all but four months suspended and two years of probation. He fled to Florida twice, once in violation of his probation conditions, and was extradited. He was involved in another car accident, which he caused. Defendant had no automobile insurance in effect on July 30, 2015.

Plaintiff tried to initiate this lawsuit prior to July 2017 but was unable to serve defendant because he absconded. Defendant was ultimately served with the complaint while incarcerated at the Cumberland County Jail.

CONCLUSION

Because defendant was defaulted, "the allegations in the plaintiff's complaint are deemed to be true and become findings of fact." McAlister v. Slosberg, 658 A.2d 658, 660 (Me. 1995). Based on those findings and the evidence presented at trial, the court concludes defendant was negligent in his operation of his motor vehicle and that negligence proximately caused plaintiff's injuries and damages. The court concludes further that defendant's conduct was so outrageous that malice may be implied. The following is fair and reasonable compensation for plaintiff's injuries caused by defendant and for punitive damages:

1. past medical expenses: $450,000.00;

2. past and future pain and suffering, emotional distress, and loss of enjoyment of life: $1,000.000.00;

3. past lost earnings: $30,000.00;

4. punitive damages: $150,000.00.

The entry is

> Judgment is entered in favor of Plaintiff Stephen Carpenter and against Defendant Glenn Miles in the amount of $1,630,000.00

3

plus prejudgment interest at the rate of 3.87%, post-judgment interest at the rate of 7.76%, plus costs.

Date:  December 19, 2018

Nancy Mills
Justice, Superior Court

CUM CV-17-272

4