1998 ME 12

**Rose Mary DENMAN**

v.

**PEOPLES HERITAGE BANK, INC.**

**and**

**Jack Fox d/b/a Fox Enterprises.**

Supreme Judicial Court of Maine.

Submitted on Briefs Nov. 12, 1997.

Decided Jan. 15, 1998.

---

Paul F. Macri (orally) Berman & Simmons, P.A., Lewiston, for Plaintiff.

Thomas S. Marjerison (orally), Norman, Hanson & DeTroy, Portland, for Fox Enterprises.

Noah D. Wuesthoff (orally), Monaghan, Leahy, Hochadel, & Libby, Portland, for Peoples Heritage.

Before WATHEN, C.J., and CLIFFORD, RUDMAN, and LIPEZ, JJ.

WATHEN, Chief Justice.

[¶ 1] Plaintiff Rose Mary Denman appeals from summary judgments entered in the Superior Court (Cumberland County, *Brennan, J.*) in favor of defendants Peoples Heritage Bank, Inc. ("Peoples") and Jack

Fox, d/b/a Fox Enterprises ("Fox"). Plaintiff argues on appeal that the court erred in concluding (1) that defendants owed no duty of care to her because they were not in possession of the public sidewalk on which she fell, and (2) that she was not a third party beneficiary to the maintenance contract between Peoples and Fox. Plaintiff also argues that the court erred in failing to find a genuine issue of material fact whether defendants assumed a duty of care by undertaking to clear the public sidewalk or by creating a hazard thereon. Finding no error, we affirm the judgments.

[¶ 2] The undisputed facts may be summarized briefly as follows: Plaintiff was injured on January 23, 1994, when she slipped on snow and ice on a public sidewalk abutting the property of Peoples located on Forest Avenue in Portland. By virtue of a municipal ordinance, Peoples was responsible for snow and ice removal from the public sidewalk. Pursuant to a contract with Peoples, Fox maintained the building, and shoveled and cleaned the sidewalk. On the day in question, Fox had not shoveled or sanded before plaintiff's fall.

[¶ 3] We review the Superior Court's "entry of summary judgment for errors of law, viewing the evidence in the light most favorable to the party against whom the judgment was entered." *Rodrigue v. Rodrigue,* 1997 ME 99, ¶ 8, 694 A.2d 924, 926 (citation omitted). We will uphold the summary judgments if the evidence demonstrates that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *Id.*

[¶ 4] Plaintiff first argues that there is a genuine issue of material fact whether defendants were "possessors" of the sidewalk in front of the building owned by Peoples and managed by Fox. " 'Under Maine law a possessor of land owes a duty to use reasonable care to all persons lawfully on the premises.' " *Quadrino v. Bar Harbor Banking & Trust,* 588 A.2d 303, 304 (Me.

1991) (quoting *Erickson v. Brennan,* 513 A.2d 288, 289 (Me.1986)). The court was required to determine whether defendants possessed the public sidewalk at the time of plaintiff's injury. *Id.* Plaintiff is correct that possession does not require actual title or ownership. A possessor of land is "one who, by occupancy, manifests an intent to control the land." *Quadrino,* 588 A.2d at 305 (citations omitted). Whether a person owes a duty of care to another is a question of law. *Quadrino,* 588 A.2d at 304. Whether a person manifests an intention to control the land, however, is an issue of fact. *See Hankard v. Beal,* 543 A.2d 1376 (Me.1988).

[¶ 5] Because defendants maintained the public sidewalk, plaintiff argues that a genuine issue of material fact exists concerning their possession of the sidewalk. We have previously stated that the owner of land abutting a curb on which plaintiff tripped was not a possessor of the land and did not owe a duty of care. *Quadrino,* 588 A.2d at 305. Plaintiff's reliance on *Pelletier v. Fort Kent Golf Club,* 662 A.2d 220 (Me.1995) is misplaced. In *Pelletier* we held that the owner of a golf course over which railroad tracks crossed possessed the tracks because, "unlike the defendant in *Quadrino,* the Club manifested an intention to have control over the land on which the defect was located." *Id.* At 222. In that case, the club instituted a "free lift" rule allowing a golfer to pick up his ball and place it on the other side of the track if the ball landed near the track in an area designated by red markers, and invited the golfers to use the course which included traversing the tracks. *Id.* at 221–22. In the present case, however, there is no evidence to support a finding that defendants intended to control the public sidewalk. To the contrary, defendants' actions were involuntary and undertaken in compliance with applicable law.

[¶ 6] As an abutting landowner, Peoples was required to remove snow and ice from the public sidewalk by Portland City Ordinance.[1] We have previously held that any

1. The ordinance requiring snow removal provides in part:

In the business-pedestrian district, the owner, manager or any person having responsibility for any building or lot of land which abuts any

failure to remove snow and ice in violation of an ordinance does not create a cause of action in favor of pedestrians injured thereby. *Ouelette v. Miller,* 134 Me. 162, 183 A. 341 (1936). Our opinion in *Ouelette* was based on the principle that:

> defendants, as owners and occupants of the land and building abutting upon [the] Street, are not responsible to individuals for injuries resulting to them from defects and want of repair in the sidewalk, or by means of snow and ice accumulated by natural causes thereon, although, by ordinances of the city, it is made the duty of abutters, under prescribed penalties, to keep the sidewalks adjoining their estates in good repair, and seasonably to remove all snow and ice therefrom. Such ordinances are valid, and the work which is enforced upon them relieves, to the extent of its cost or value, the city from charges which otherwise it would be necessarily, in discharge of its municipal duties, subjected to.

*Ouelette* at 166, 183 A. 341 (quoting *Kirby v. Boylston Market Association,* 80 Mass. 249). We held that the defendant "owed no duty to the plaintiff to keep the sidewalk clear of ice and snow coming thereon from natural causes, or to guard against the risk of accident by scattering ashes or using other like precautions, whether or not any public duty was imposed upon him by the ordinances of the city." *Id.* (quoting *Dahlin v. Walsh,* 192 Mass. 163, 77 N.E. 830).

[¶ 7] Therefore, in the present case, the public duty imposed on defendants by municipal ordinance does not give rise to a duty enforceable by plaintiff. The fact that Peoples hired Fox to remove snow and ice in compliance with the ordinance does not establish a genuine issue of fact concerning an intention to control and possess the public sidewalk. The court did not err in finding as

a matter of law that defendants owed plaintiff no duty of care.

[¶ 8] Plaintiff next contends that she has stated a claim against Fox as a third party beneficiary of the maintenance contract between Peoples and Fox. She argues that the contract was intended to benefit pedestrians who were using the public sidewalk to patronize Peoples' business establishment. The controlling law is set forth in the Restatement (Second) of Contracts as follows:

> (1) Unless otherwise agreed between promisor and promisee, a beneficiary of a promise is an intended beneficiary if recognition of a right to performance in the beneficiary is appropriate to effectuate the intention of the parties and either
>
> (a) The performance of the promise will satisfy an obligation of the promisee to pay money to the beneficiary; or
>
> (b) the circumstances indicate that the promisee intends to give the beneficiary the benefit of the promised performance.
>
> (2) An incidental beneficiary is a beneficiary who is not an intended beneficiary.

Restatement (Second) of Contracts § 302 (1981).

"An incidental beneficiary acquires by virtue of the promise no right against the promisor or the promisee." Restatement (Second) of Contracts § 315 (1981).

[¶ 9] In order for plaintiff to withstand a motion for summary judgment and proceed as a third party beneficiary, she was required to generate a genuine issue of material fact whether Peoples intended that she receive an enforceable benefit under the maintenance contract. *Devine v. Roche Biomedical Laboratories,* 659 A.2d 868, 870 (Me.1995) (citing *F.O. Bailey Company, Inc. v. Ledgewood, Inc.,* 603 A.2d 466, 468 (Me. 1992)). "It is not enough that [plaintiff] ben-

---

street where there is a sidewalk shall remove snow from the entire sidewalk within twelve (12) hours after snow has ceased to fall.
Portland City Ordinance § 25–173 (Ord. No. 132A–93, 11–15–93).
The ordinance requiring ice removal provides in part:
In the business-pedestrian district, whenever the sidewalk or any part thereof adjoining any building or lot of land on any street shall be

encumbered with ice for six (6) hours or more during the daytime, it shall be the duty of the owner and any person having the responsibility for such building or lot to cause such sidewalk to be made safe and convenient by removing the ice therefrom or by covering the same with sand or some other suitable substance.
Portland City Ordinance § 25–174 (Ord. No. 132A–93, 11–15–93).

efitted or could have benefitted from the performance of the contract. The intent must be clear and definite, whether it was expressed in the contract itself or in the circumstances surrounding its execution." *Id.* There is no language in the contract before us to generate an issue of Peoples' intention to create in plaintiff enforceable rights as an intended beneficiary. The contract between Peoples and Fox provides simply for Fox to manage and maintain the building. Plaintiff offered no evidence of any circumstance attending the execution of the contract that would support finding a clear intention to create in plaintiff enforceable rights as an intended beneficiary. The Superior Court did not err in finding that plaintiff failed to establish a genuine issue of fact with respect to her third party beneficiary claim.

[¶ 10] Plaintiff argues further that she established separate theories of liability on the basis that defendants actually assumed the duty of care when they affirmatively arranged for and maintained the public sidewalk, and on the basis that they created a hazard. With regard to the first contention, we need only note once again that defendants did not voluntarily undertake to remove the snow and ice; they were under a legal obligation to clear the public sidewalk, and no duty arises from acts performed in compliance with the law.

[¶ 11] The record reflects that Fox had not performed any maintenance, shoveling or sanding services on the day of the incident and does not suggest that any prior affirmative acts of defendants created a hazard. In opposing defendants' motions for summary judgment, plaintiff offered no affidavits, depositions, answers to interrogatories, or admissions, pursuant to M.R. Civ. P. 56(c) and 56(e). Plaintiff's attempt to create a genuine issue of fact concerning the condition of the sidewalk with statements of an alleged witness to the incident is of no effect. The unsworn and unsigned statement of the witness is not in compliance with the requirements of Rule 56.

[¶ 12] Finally, we do not reach plaintiff's argument that we apply the standard of care set forth in *Isaacson v. Husson College,* 297 A.2d 98 (Me.1972) to this case. Because the Superior Court correctly concluded that defendants owe plaintiff no duty of care, the degree of care need not be addressed.

The entry is:

Judgments affirmed.

