STATE OF MAINE
CUMBERLAND, SS
CLERK'S OFFICE

STATE OF MAINE    2002 SEP 18 P 2:45    SUPERIOR COURT
CIVIL ACTION
CUMBERLAND, ss.      DOCKET NO. CV-01-457

Nancy & Benjamin Noyes

     v.            ORDER

R.E. Coleman, Inc.

DONALD L. GARBRECHT
LAW LIBRARY

SEP 29 2002

The matter before this court concerns the Defendant's motion for summary judgment, which will be ruled on pursuant to the Maine Rules of Civil Procedure, Rule 56(c).

## FACTS

In November 1999, Defendant R.E. Coleman Inc. executed a contract with People's Heritage Bank (Bank) in Falmouth, Maine, to plow, shovel, sand, and salt the Bank's parking lot. PSMF 9. In the event of an ice storm, the contract obligated the Defendant to sand and salt the Bank's pedestrian and vehicle traffic areas. PSMF 12. During business hours, the contract obligated the Defendant to keep the pedestrian and vehicular traffic areas reasonably clear, and throughout the day it obligated the Defendant to keep the drive-up and ATMs clear of ice and snow. PSMF 12.

On January 11, 2000, around 7:00 a.m., Plaintiff Nancy Noyes (Noyes), an employee of People's Heritage Bank, parked her car in the Bank's parking lot. PSMF 1, 2. According to Noyes, there was no snow in the Bank's parking lot at

this time, nor was it raining. DSMF 4, 5. The previous day, however, while no ice or snow fell in Falmouth, Maine, it had rained during the night. DSMF 6. After getting out of her car, Noyes walked around the back of her car towards the Bank, where she slipped on ice and fell to the ground. PSMF 3, 4, 6. As a result of the fall, Noyes injured the left side of her body, including her shoulder, hip, and hand. PSMF 8.

Noyes brought a suit in negligence against the Defendant to recover damages resulting from her fall. In addition, Noyes' husband, Benjamin, filed a suit against the Defendant to recover for the loss of his wife's consortium.

## DISCUSION

"A summary judgment is proper if the pleadings, affidavits, or any other discovery materials establish that there is no genuine issue of material fact and that a party is entitled to a judgment as a matter of law." Mundaca Inv. Corp. v. Emery, 674 A.2d 923, 925 (Me. 1996). In addition, this court will view the evidence in a light most favorable to the non-moving party. *See id.*

A non-moving party can defeat a motion for summary judgment by establishing a prima facie case of negligence, which consists of the elements of duty, breach, causation, and damages. *See* Mastriano v. Blyer, 2001 ME 134, ¶11, 779 A.2d 951, 954 (holding that a taxi driver did not breach a duty to an intoxicated passenger by dropping him off at a location near his car.). The Defendant argues that the Plaintiff cannot establish the duty element of her claim because in order to do so the Defendant would need to be in possession of the Bank's parking lot, which it was not. *See* Denman v. Peoples Heritage Bank, Inc., 1998 ME 12, ¶7, 704 A.2d 411 (holding that a Bank's contract with a snow

2

removal company to keep its public sidewalks clear of snow so as to comply with a municipal ordinance did not result in the snow removal company owing a duty of care to pedestrian, who slipped on the sidewalk). The Law Court has defined a duty of care as "a question of whether the defendant is under any obligation for the benefit of the particular plaintiff." Joy v. Eastern Medical Ctr., 529 A.2d 1364, 1365 (Me. 1987) (quoting W.L. PROSSER, LAW OF TORTS, § 53 (4th ed. 1971)). Whether a party owes a duty of care to another party is a question of law. *Id.*

The Plaintiffs dispute the Defendant's interpretation of the Denman decision, and instead note that the Defendant's duty of care is defined in section 324 of the Restatement (Second) of Torts:

> One who undertakes, gratuitously or for consideration, to render services to another which he should recognize as necessary for the protection of a third person or his things, is subject to liability to the third person for physical harm resulting from his failure to exercise reasonable care to protect his undertaking, if
>
> (a)     his failure to exercise reasonable care increases the risk of such harm, or
>
> (b)     he has undertaken to perform a duty owed by the other to the third person, or
>
> (c)     the harm is suffered because of reliance of the other or the third person upon the undertaking.

RESTATEMENT (SECOND) OF TORTS §324A (1965).

While the Law Court has not adopted this particular section of the Restatement, it is true that the Law Court has liberally borrowed from the various A.L.I. Restatements of Law. *See e.g.*, Denman v. Peoples Heritage Bank, Inc., 1998 ME 12, 704 A.2d 411 (incorporating into Maine law the Restatement (Second) of Contracts § 302 (1981)). Moreover, the Superior Court has ruled that "a private contractor who undertakes to remove ice and snow from a roadway has a duty to do so without negligence." Webb v. Town of Eddington, CV-91-75 (Me. Super. Ct., Pen. Cty,. Dec. 22, 1994) (Kravchuk, J.). The court in the Webb decision went on to state that the contractor's duty arose not only from its contractual obligation with the client but also because it was foreseeable that a third party would rely on the contractor's ability to properly clear the roadway of snow and ice. *Id.*

However, even if the Defendant owed Plaintiff Noyes a duty of care, the question is whether the Defendant had a duty to keep the Bank's parking lot free of black ice at approximately 7:00 a.m. on January 11, 2000, when the Plaintiff slipped in the parking lot, injuring herself. In this case, the Defendant's duty of care is based on the terms of its contract with the Bank. For example, if the contract was in force for only one year then the Plaintiff would not have a cause of action against the Defendant for an accident that occurred in the parking lot two years after the contract had expired. Hence, the scope of the contract's terms will dictate the circumstances that trigger the Defendant's duty of care to the Plaintiff.

The Plaintiffs' and the Defendant's statements of material facts agree that the Defendant's contract with the Bank obligated the Defendant to sand and salt the lot in the event of an ice storm. However, there was no evidence presented

4

that an ice storm had taken place. The Plaintiffs also did not dispute the Defendant's statement of material fact that it was not raining at the time of Plaintiff Noyes' fall, nor that there was any snow on the ground. Even if the contract obligated the Defendant to keep the parking lot free of snow and ice during business hours, the Plaintiff Noyes' accident did not occur during business hours. Hence, without a contractual duty to have the parking lot cleared of black ice at 7:00 a.m. on January 11, 2000, the Defendant did not owe the Plaintiff Noyes a duty of care at that time. Because the Plaintiff cannot prove that the Defendant owed a duty of care, which it must to establish a prima facie case of negligence, the Plaintiffs' causes of action must fail.

Wherefore this Court shall **Grant** the Defendant's motion for summary judgment.

Dated: September 1 , 2002

Roland A. Cole
Justice, Superior Court

Date Filed __08-15-01__ __Cumberland__ Docket No. __CV-01-457__

County

Action __PERSONAL INJURY__

NANCY AND BENJAMIN NOYES vs. R.E. COLEMAN EXCAVATION

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| G. WILLIAM HIGBEE, ESQ.<br>4 Union Park<br>P.O. Box 5000<br>Topsham, ME 04086<br>(207) 725-5581<br><br>JAMES FONGEMIE, ESQ | THOMAS G. MUNDHENK, ESQ 772-2686 (R.E.Col<br>707 SABLE OAKS, DR., SOU. PORTLAND ME 041 |

Date of
Entry