STATE OF MAINE                           SUPERIOR COURT
PENOBSCOT, SS.                            Docket No. CV-05-264

FILED & ENTERED
SUPERIOR COURT

SEP 08 2006

PENOBSCOT COUNTY

STEVEN ALEXANDER,        )
              Plaintiff, )
                         )
                         )
                         )
         v.              )         **DECISION AND JUDGMENT**
                         )
                         )
ADELPHIA CABLEVISION     )
CORP,. et al.,           )
              Defendants. )


Defendant Philip Mitchell moves for summary judgment pursuant to Rule 56 of the Maine Rules of Civil Procedure. The material facts are uncontroverted.

On December 16, 2003, Michele Alexander died in a tragic automobile accident on the Pushaw Road in Glenburn, Maine, after losing control of her vehicle on a slushy, slippery road surface. Defendant Phillip Mitchell had contracted with the Town of Glenburn to remove ice and snow from the public roads in Glenburn.[1] On the date in question, he had not removed the accumulation of slush from the Pushaw Road.

Mitchell argues that he entitled to summary judgment because as contractor who is undertaking the town's legal obligation to clear public roads of ice and snow, he does not possess the road, as described in Denman v. Peoples Heritage bank, Inc., 1998 ME 12, 704 A.2d 411, and thus bears no duty of care to the user of the road. Plaintiff and co-Defendant Adelphia argue that Denman is distinguishable and that two cases decided by the Superior Court offer a more appropriate analysis.

This court concludes that Denman offers an analogous set of facts and circumstances. As with the contractor in Denman, Mitchell did not possess the road in any fashion, thus exempting him from any theory of liability which stems from ownership or possessory rights. Similarly, the contract between Mitchell and the town created no third party beneficiary rights in members of the traveling public.

The court in Denman discusses theories of liability which hold that a person who voluntarily undertakes a duty, whether required or not, must do so with due care. Plaintiff in the instant matter makes a similar claim. The Denman court notes that the

---

[1] Plaintiff's proposed Amended Complaint asserts that the contract was actually between the town and Mitchell Brothers, Inc., and that Phillip Mitchell acted at all times as an agent of that corporation. This circumstance does not affect the substantive issues herein. The issue of duty, or lack thereof, does not depend upon whether Phillip Mitchell contracted in his individual capacity or some manner of corporate capacity.

obligation to keep the roads clear is not a voluntarily undertaken obligation – it is required by law,[2] and thus cannot trigger the creation of an independent duty of due care. Also, liability in those cases is predicated upon a hazard <u>created</u> by the negligent performance of the duty. In this instance, the hazard was created by the severe weather conditions. Although proper plowing could arguably have alleviated or reduced the danger, the failure to plow did not create the risk.

Upon these circumstances, the court finds no basis to distinguish the <u>Denman</u> precedent.[3] Accordingly, applying the principle of *stare decisis*, Defendant Phillip Mitchell's motion for summary judgment must be granted.

So Ordered.

The Clerk may incorporate this Order upon the docket by reference.

Dated: September 8, 2006

Andrew M. Mead
JUSTICE, MAINE SUPERIOR COURT

---

[2] Although the town has the legal obligation to keep the roads clear, it is exempt from liability for the failure to do so.
[3] <u>Denman</u> involved a sidewalk in front of a bank and the instant matter involves a public road in a municipality.

STEVEN ALEXANDER IND & PR EST M ALEXANDER VS ADELPHIA CABLEVISION CORP ET AL
UTN:AOCSsr  -2005-0110546                    CASE #:BANSC-CV-2005-00264
-------------------------------------------------------------------------
STEVEN ALEXANDER IND AND PR EST M ALE                          PL
ATTY WILLEY, N L.  JR Tel# (207) 262-6222
ATTY ADDR:15 COLUMBIA STREET, SUITE 501  PO BOX 924 BANGOR ME 04402-0924
ATTY MATZILEVICH, THOMAS M.   Tel# (207) 262-6222
ATTY ADDR:15 COLUMBIA STREET, SUITE 501  PO BOX 924 BANGOR ME 04402-0924

ADELPHIA CABLEVISION CORP DISMISSED    ~ *Adrian Miller, Dism* DEF
ATTY MCCARTHY, JOHN  Tel# (207) 947-4501
ATTY ADDR:84 HARLOW ST PO BOX 1401 BANGOR ME 04402-1401

PHILIP MITCHELL   *+ Mitchell Brothers*                        DEF
ATTY HERZER, DAVID  Tel# (207) 774-7000
ATTY ADDR:415 CONGRESS ST PO BOX 4600 PORTLAND ME 04112


M=More, Space = Exit:M

Select the EXIT KEY for page selection line.