STATE OF MAINE

YORK, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-05-66

SAMANTHA CARSON,

Plaintiff

v.                                    ORDER

DAVID SPEARIN, et al.,

Defendant

DONALD L. GARBRECHT
LAW LIBRARY

MAY 13 2007

This matter comes before the Court on Defendant Keeley Crane Service's motion for summary judgment pursuant to M.R. Civ. P. 56. Following hearing, the Motion is Granted.

## FACTUAL BACKGROUND

Plaintiff Samantha Carson ("Carson") resides in Hollis, York County, Maine. In September 2003, she contracted with a New Hampshire company, CMH Home Sales, d/b/a Tilton Home Center, to buy a modular home for her lot in Hollis. Subsequently, she arranged for Defendants David and Hazen Spearin of Limington ("the Spearins") to install a foundation for the home and to do excavation. The Spearins arranged for Defendant Eric West, d/b/a E.M. West Construction ("West"), a Maine corporation, to install the foundation. Afterwards, the Spearins backfilled the foundation that West installed and added a septic system. Finally, CMH arranged for Defendant Keeley Crane Service ("Keeley"), a Maine corporation, to lift the modular home onto the new foundation.

At some point after the home was installed, the foundation buckled, causing damage to the home and to the foundation itself. Since the buckling, the doors and windows of the home have not operated properly. Carson alleges that the buckling occurred because the Spearins negligently backfilled the foundation, causing it to be exposed to the elements. She also contends that West did not properly install the foundation because it did not support the weight of the home, and that CMH and/or Keeley Crane Service improperly installed the home on the foundation.

In 2005, Carson brought this eight-count complaint against the various defendants, alleging breach of contract and negligence claims against the Spearins (Counts I and II), West (Counts III and IV), and Keeley (Counts VI and VII). She seeks punitive damages against the Spearins only (Count VIII). Carson voluntarily dismissed her claim for breach of contract against CMH (Count V) because its contract with her required submission of the dispute to arbitration. Keeley denied the allegations against it and raised several affirmative defenses, including comparative fault, failure to mitigate damages, and lack of causation.[1] Keeley now moves for summary judgment on the grounds that there was no privity of contract between it and Carson, and that Carson has failed to establish that Keeley owed her a duty of care.

## DISCUSSION

1.  Summary Judgment Standard.

Summary judgment is proper where there exist no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. M.R. Civ. P. 56(c); *see also Levine v. R.B.K. Caly Corp.*, 2001 ME 77, ¶ 4, 770 A.2d 653, 655. A genuine issue is raised "when sufficient evidence requires a fact-finder to choose between competing

---

[1]   As Keeley is the only defendant who has moved for summary judgment, only those counts applicable to Keeley, breach of contract and negligence, will be addressed here.

versions of the truth at trial." *Parrish v. Wright*, 2003 ME 90, ¶ 8, 828 A.2d 778, 781. A material fact is a fact that has "the potential to affect the outcome of the suit." *Burdzel v. Sobus*, 2000 ME 84, ¶ 6, 750 A.2d 573, 575. When assessing a summary judgment motion, this Court reviews the facts "in the light most favorable to the nonmoving party." *Lightfoot v. Sch. Admin. Dist. No. 35*, 2003 ME 24, ¶ 6, 816 A.2d 63, 65.

2.      Breach of Contract Claim; Third Party Beneficiary Status.

Existence of a contract and any breach thereof are both factual questions. *Forrest Assocs. v. Passamaquoddy Tribe*, 2000 ME 195, ¶ 9, 760 A.2d 1041, 1044. To establish a valid, enforceable contract, both parties must agree, in the contract or by implication, "to be bound by all its material terms," and the agreement must be "sufficiently definite" for a court to determine its meaning and the parties' respective responsibilities under the law. *Sullivan v. Porter*, 2004 ME 134, ¶ 13, 861 A.2d 625, 631.

In addition, the Law Court has noted that "for [a] plaintiff to withstand a motion for summary judgment and proceed as a third party beneficiary, she . . . [must] generate a genuine issue of material fact" regarding whether the parties to the contract intended that she "receive an enforceable benefit." *Denman v. Peoples Heritage Bank*, 1998 ME 12, ¶ 9, 704 A.2d 411, 414. In *Denman*, the Court went on to state that a plaintiff must prove more than that "she benefited or could have benefited from the performance of the contract;" instead, there must be evidence of clear intent either in the language or conditions surrounding the agreement. *Id.* ¶ 9, 704 A.2d at 415.

Here, Carson and Keeley agree on the material facts and circumstances regarding preparations for the installation of Carson's home. What remains for this Court to decide is the purely legal question of whether the obligations under the contract that Carson had with CMH extend to Keeley. Carson argues, citing no legal support, that she was a third party beneficiary under CMH's agreement with Keeley for the

3

installation. Keeley counters that there is no evidence of clear intent to make Carson a third party beneficiary and, therefore, it cannot be liable for any subsequent damages to the home. Indeed, Carson admits that CMH secured Keeley's services; that CMH, not Carson, paid Keeley for its services; and that Carson did not supervise its work, which was CMH's job.[2]

There existed no "sufficiently definite" agreement between Carson and Keeley that could generate a contractual duty on Keeley's part, nor is there evidence that Carson was a third party beneficiary. Summary judgment is therefore granted in Keeley's favor on the breach of contract claim.

3.  Negligence Claim.

A plaintiff must establish a prima facie case for each element of a negligence cause of action, including that a duty existed and that the duty was breached, causing damages. *Durham v. HTH Corp.*, 2005 ME 53, ¶ 8, 870 A.2d 577, 579 (citations omitted).

Although Keeley owed no direct, contractual duty to Carson, it is difficult to imagine that Keeley did not owe a common law duty of care to act reasonably while placing the home on the foundation. Even assuming the existence of a duty, however, Carson has failed to provide evidence to demonstrate that Keeley's actions were a proximate cause of harm to the foundation. At his deposition, Carson's expert, Robert Gillespie, did not identify any action of Keeley's that might have contributed to Carson's alleged damages. Instead, he testified that various problems with the soil may have caused the foundation to buckle. He also discussed some problems with the level of the home, but established no causal connection between any problems with the level and Keeley's performance, as opposed to other defendants in this action. This raises no

---

[2]     Carson admitted these allegations in response to Defendant Keeley's Statement of Material Facts, ¶¶ 8-10.

genuine issue of material fact as to Keeley's role in the causation of these problems; without some material factual support for an essential element of the negligence claim, Keeley cannot be liable for Carson's damages on that basis.

Because Carson has not raised a genuine issue of material fact to indicate that Keeley's placement of the home may have caused the problems she later experienced, summary judgment is granted for Keeley on the issue of negligence.

The entry will be as follows:

> Keeley's Motion for Summary Judgment is Granted and judgment will enter in favor of Keeley on the claims asserted against it.

Dated:  January 16, 2007

G. Arthur Brennan
Justice, Superior Court

Jeffrey T. Edwards, Esq. - PL
James C. Bush, Esq. - PL
Gary Prolman, Esq. - DEFS. DAVID & HAZEL SPEARIN
Thomas Laprade, Esq. - DEF. ERIC M. WEST D/B/A E.M. WEST CONSTRUCTION
Wendell G. Large, Esq. - DEF. KEELEY CRANE SERVICE

5