STATE OF MAINE
CUMBERLAND, ss.

STATE OF MAINE
CUMBERLAND, SS
CLERK'S OFFICE

2007 FEB -9 A 7: 56

SUPERIOR COURT
CIVIL ACTION
Docket No. CV-05-658,
TDW- CUM- 2/9/2007

MARTIN FOLEY,

     Plaintiff,

v.

LEADER PROPERTIES INC.,

     Defendant.

ORDER

DONALD L. GARBRECHT
LAW LIBRARY

MAY 16 2007

Before the court is defendant Leader Properties Inc.'s motion for summary judgment. The complaint in this case alleges that plaintiff Martin Foley slipped and fell on an icy sidewalk in front of property owned by Leader Properties and that Leader Properties negligently failed in a duty to maintain the sidewalk.

Summary Judgment

Summary judgment should be granted if there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. In considering a motion for summary judgment, the court is required to consider only the portions of the record referred to and the material facts set forth in the parties' Rule 56(h) statements. E.g., Johnson v. McNeil, 2002 ME 99, ¶ 8, 800 A.2d 702, 704. The facts must be considered in the light most favorable to the non-moving party. Id. Thus, for purposes of summary judgment, any factual disputes must be resolved against the movant. Nevertheless, when the facts offered by a party in opposition to summary judgment would not, if offered at trial, be sufficient to withstand a motion for judgment as a matter of law, summary judgment should be granted. Rodrigue v. Rodrigue, 1997 ME 99 ¶ 8, 694 A.2d 924, 926.

Discussion

In this case it is undisputed that Foley slipped on the sidewalk on Newbury Street near the intersection of Newbury and Pearl Street. Defendant's SMF ¶ 1 (admitted). It is also undisputed that Leader Properties owns property that at least abuts the sidewalk in question. Based on <u>Denman v. Peoples Heritage Bank</u>, 1998 ME 12 ¶¶ 5-7, 704 A.2d 411, 413-414, Leader Properties asserts that it did not have a duty to Foley to maintain a sidewalk abutting its property.

Foley does not dispute that Leader Properties does not owe a duty to him if Leader Properties is only an abutter. However, he argues that there is a disputed issue for trial as to whether Leader Properties owns the sidewalk.

**Several of Foley's arguments are unavailing.** First, while Leader Properties admitted in its answer to the amended complaint it was the owner of certain real property at 66 Pearl Street, it did not admit that it owned the sidewalk and denied that it had any duty to maintain the sidewalk. See ¶¶ 2, 4 of answer to amended complaint.

Second, Foley relies on a letter from a claims representative for Leader Properties that contains an alleged admission of ownership but is not admissible in evidence pursuant to M.R.Evid. 408. The letter therefore does not generate a disputed issue of fact for summary judgment.

Third, while Foley also refers in his legal papers to a conversation with someone named "Mitch" (August 28, 2006 Foley affidavit ¶ 2), the alleged statement by "Mitch" – that "Mitch" would have someone "get right on it" and then gave Foley the telephone number for the insurance company – is not a statement of ownership. More importantly, even if "Mitch's" statement were to be deemed to be an implicit statement of ownership, Foley has offered no evidence that "Mitch" is or was an agent authorized to make admissions for Leader Properties.

The court concludes, however, that Foley has raised a disputed issue for trial with respect to whether the deed to Leader Properties conveyed ownership of the sidewalk or just ownership of the property excluding the sidewalk. Specifically, the deed describes the property as follows:

> Beginning at the intersection of the westerly sideline of Pearl Street and the southerly sideline of Newbury Street:
>
> Thence S 65°45'10" W along the southerly sideline of said Newbury Street . . .

Exhibit 2 to plaintiff's SMF; Exhibit F to Swan affidavit.

Leader Properties' ownership thus extends to the "southerly sideline" of Newbury Street, which leaves open whether the sideline of Newbury Street is (1) where the sidewalk begins or (2) where the pavement of the street begins. In the former case, Leader Properties would not own the sidewalk, and Denman would control. In the latter case, Leader Properties would own the sidewalk and have a potential duty to Foley.

The parties have not pointed the court to any legal authority that resolves the question of where the sideline of a street begins. If not resolved as a matter of law, this would appear to be a question for expert testimony. Indeed, in its reply papers, Leader Properties has offered the affidavit of a registered surveyor on that issue.[1] However, that affidavit was not submitted with Leader Properties' original motion for summary judgment, and Foley therefore has not had a chance to controvert the facts set forth in that affidavit. Summary judgment cannot be based on facts advanced for the first time in reply papers.

The entry shall be:

---

[1] That affidavit states only that he surveyed the property in 1985 and his survey of the property transferred to Leader Properties does not include the sidewalk.

3

Defendant's motion for summary judgment is denied. The clerk is directed to incorporate this order in the docket by reference pursuant to Rule 79(a).

DATED:     February _8_, 2007

_____
Thomas D. Warren
Justice, Superior Court

4

F COURTS
and County
Box 287
ne 04112-0287

THOMAS DOWNING ESQ
PO BOX 3065
LEWISTON ME 04243



F COURTS
and County
Box 287
ne 04112-0287

JONATHAN BROGAN ESQ
PO BOX 4600
PORTLAND ME 04112