STATE OF MAINE                                                     SUPERIOR COURT
CUMBERLAND, ss.                                                    CIVIL ACTION
                                                                  Docket No. CV-07-705

DONALD L. GARBRECHT
LAW LIBRARY
AUG 1 2 2008

REBEKAH ALFIERI,

              Plaintiff,

      v.                                              STATE OF MAINE
                                                      Cumberland, ss, Clerk's Office
                                              ORDER   SUPERIOR COURT

                                                          JUL 15 2008

                                                      RECEIVED

WAL-MART STORES EAST INC.,
et al.,

              Defendants.

Before the court are two motions: (1) a motion by defendant Robert Ruminski d/b/a Eastern Property Services to dismiss plaintiff Rebekah Alfieri's claims against him and (2) a motion by plaintiff to amend her complaint to add a new cause of action alleging that she was a third-party beneficiary of a contract between Ruminski and defendant Wal-Mart Stores East Inc.

It appears to the court that if, as Ruminski asserts, he had no connection with the property other than as an independent contractor hired to remove snow and ice, he would owe no duty of care to Alfieri and Counts III and IV of the March 13, 2008 amended complaint should be dismissed. *See Alexander v. Mitchell*, 2007 ME 108 ¶¶ 12-13, 23 n.10, 930 A.2d 1016, 1019-20, 1022 n.10; *Denman v. People's Heritage Bank*, 1998 ME 12, 704 A.2d 411.[1] On a motion to dismiss, however, the court cannot consider facts extrinsic to the pleadings and must determine whether the complaint sets forth elements of a cause of action that could entitle plaintiff to legal relief. *E.g., In re Wage Payment Litigation*, 2000 ME 162 ¶ 13, 759 A.2d 217, 220.

---

[1] The same logic would not apply to Wal-Mart's cross claim against Ruminski.

In this case the March 13, 2008 amended complaint alleges that Eastern Property Service controlled the premises where Alfieri allegedly was injured by a fall on the ice, Amended Complaint ¶ 12, and that is sufficient to overcome a motion to dismiss. Even if the court strongly suspects that Alfieri's claim against Ruminski will not survive a motion for summary judgment, it cannot look beyond the pleadings at this stage.

Following the same logic, although it may be doubtful that invitees like Alfieri would qualify as third-party beneficiaries of any contract between Wal-Mart and Ruminski, *see Denman*, 1998 ME 12 ¶ 9, 704 A.2d at 414-15, the court cannot rule that out based on Alfieri's pleading. Accordingly, the court is inclined to grant plaintiff's motion to amend without prejudice to Ruminski's right to challenge that claim on the merits once the actual contract, if any, is before the court.

There is, however, an issue as to whether the motion to amend is timely, and further clarification is needed on that issue.[2]

The entry shall be:

Defendant Ruminski's motion to dismiss plaintiff's existing claims against Ruminksi is denied without prejudice to Ruminski's ability to challenge those claims on a motion for summary judgment. A decision on plaintiff's motion for leave to file a second amended complaint is deferred pending clarification as to the status of the federal scheduling order. The clerk is directed to incorporate this order in the docket by reference pursuant to Rule 79(a).

---

[2] Although a scheduling order was issued by the U.S. District Court during the period before this case was remanded, the status of that order is not clear. This court has not issued a scheduling order and does not know whether the parties are awaiting such an order or whether they are proceeding under the federal scheduling order. If the parties are following the federal scheduling order, then the motion for leave to file a second amended complaint is untimely. However, if the parties are following the federal scheduling order then the case is also past its discovery deadline. Either the federal scheduling order is in effect for all purposes or the court should issue its own order. The court is simultaneously issuing a separate order in order to clarify the scheduling issues.

2

DATED:       July _/5_, 2008

Thomas D. Warren
Justice, Superior Court

= COURTS
nd County
ox 287
ne 04112-0287

SHELDON TEPLER ESQ
PO BOX 3065
LEWISTON ME 04243

*Plaintiff*

F COURTS
and County
Box 287
ne 04112-0287

ROSIE WILLIAMS ESQ
PO BOX 4630
PORTLAND ME 04112

*Defendant*

SHELDON TEPLER ESQ
PO BOX 3065
LEWISTON ME 04243