STATE OF MAINE
CUMBERLAND, ss

SUPERIOR COURT
CIVIL ACTION
Docket No. CV-14-49

JOHN R. FORTIN,

   Plaintiff

v.

NEPTUNE PROPERTIES, INC.
and THREE FORTY ASSOCIATES,
LLC,

   Defendants

ORDER ON MOTION
FOR SUMMARY
JUDGMENT

STATE OF MAINE
Cumberland, ss, Clerk's Office

JUN 01 2015

RECEIVED

Before the court is the defendants' motion for summary judgment on both counts of plaintiff's complaint. Plaintiff fell on snow and ice on the sidewalk abutting defendants' property at 340 Cumberland Avenue in Portland and sustained injuries. He alleges that defendants negligently failed to maintain the sidewalk abutting their property (count I) and negligently failed to comply with Portland's snow removal ordinance (count II). For the following reasons, defendants' motion is granted.

## FACTS

The following facts are presented in a light most favorable to plaintiff as the non-moving party. Defendant Three Forty Associates, LLC owns the property at 340 Cumberland Avenue. (Pl.'s Add. S.M.F. ¶ 1.) The property has a loading door that faces the south side of the street. (Pl.'s Add. S.M.F. ¶ 2.) There is a cut in the curb that creates a drop or slope in the sidewalk in front of the loading door. (Pl.'s Add. S.M.F. ¶¶ 3-4.)

While walking to the library on February 15, 2008, plaintiff John Fortin tripped and fell on the curb cut and suffered injuries. (Def.'s Supp. S.M.F. ¶ 1; Pl.'s Add. S.M.F. ¶ 5.) On the day of Fortin's fall, the sidewalks were covered with frozen snow and ice. (Def.'s Supp. S.M.F. ¶ 7.) The area where plaintiff fell had not been treated, salted, sanded, plowed or shoveled. (Def.'s Supp. S.M.F. ¶ 8.) Fortin was unable to distinguish the curb cut area from the rest of the sidewalk because it was covered with snow and ice. (Pl.'s Add. S.M.F. ¶ 6.)

## DISCUSSION

### 1. Standard of Review

"Summary judgment is appropriate if the record reflects that there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law." *Dussault v. RRE Coach Lantern Holdings, LLC*, 2014 ME 8, ¶ 12, 86 A.3d 52 (quoting *F.R. Carroll, Inc. v. TD Bank, N.A.*, 2010 ME 115, ¶ 8, 8 A.3d 646). "A material fact is one that can affect the outcome of the case, and there is a genuine issue when there is sufficient evidence for a fact-finder to choose between competing versions of the fact." *McIlroy v. Gibson's Apple Orchard*, 2012 ME 59, ¶ 7, 43 A.3d 948 (quoting *N. E. Ins. Co. v. Young*, 2011 ME 89, ¶ 17, 26 A.3d 794). "To survive a defendant's motion for a summary judgment, the plaintiff must establish a prima facie case for each element of her cause of action." *Lougee Conservancy v. CitiMortgage, Inc.*, 2012 ME 103, ¶ 12, 48 A.3d 774 (quoting *Bonin v. Crepeau*, 2005 ME 59, ¶ 8, 873 A.2d 346).

### 2. Possessor of the Sidewalk

Plaintiff argues that there is an issue of material fact as to whether defendants possessed the sidewalk where plaintiff fell. "Under Maine law a possessor of land owes a duty to use reasonable care to all persons lawfully on

2

the premises." *Quadrino v. Bar Harbor Banking & Trust Co.*, 588 A.2d 303, 304 (Me. 1991). "A possessor of land is one who, by occupancy, manifests an intent to control the land." *Id.* at 305. Plaintiff does not allege that the defendants own the sidewalk where his fall occurred, but he argues that because the defendants "derive a benefit from the curb cut across the abutting sidewalk" a fact-finder could conclude that defendants possess the sidewalk. (Pl.'s Opp. Mem. at 3.)[1]

In *Denman v. Peoples Heritage Bank*, the plaintiff argued that, because defendants maintained the sidewalk abutting their property, there was an issue of fact as to whether they "possessed" the sidewalk for tort liability purposes. 1998 ME 12, ¶ 5, 704 A.2d 411. The court acknowledged that a city ordinance required defendants to remove snow on the sidewalk abutting their property. *Id.* ¶ 6. Nevertheless, the court held that "the public duty imposed on defendants by municipal ordinance does not give rise to a duty enforceable by plaintiff." *Id.* ¶ 7.

Plaintiff's attempt to distinguish *Denman* on the grounds that a "curb cut" benefits defendants' property in this case is unconvincing. Arguably, businesses that abut public sidewalks always derive some benefit from those sidewalks, regardless of whether there is a curb cut that allows for deliveries. More importantly, however, there are no other facts in this case beyond the curb cut to demonstrate that defendants manifested any intent to control the sidewalk where the fall occurred. If maintaining a sidewalk pursuant to a city ordinance is insufficient to generate an issue of fact on possession, then certainly the mere existence of a curb cut in a sidewalk is also insufficient.

---

1 Plaintiff's sur-reply memo is not allowed under the Maine Rules of Civil Procedure and will not be considered by the court. *See* M.R. Civ. P. 7, 56.

In *Pelletier v. Fort Kent Golf Club*, the case plaintiff relies on, the defendant golf club was inviting its guests to use the property in question and had even developed a specific rule for golfers using that area of the course. 662 A.2d 220, 222 (Me. 1995). The club manifested its intent to possess the land by inviting golfers to use that area while golfing. *Id.* In this case, however, plaintiff cannot point to any action by the defendants that demonstrates their intent to control the sidewalk. Given the Law Court's reluctance to expand liability for accidents caused by snow and ice, the court will not impose a duty on an abutting property owner based solely on the existence of a curb cut in a sidewalk. *See Alexander v. Mitchell*, 2007 ME 108, ¶ 18, 930 A.2d 1016 ("Because the volume and frequency of snowfall in Maine is so pervasive, the common law in this state has not assigned open-ended responsibility for snow-related accidents.").

Because plaintiff has failed to demonstrate that defendants owed him any duty of care, defendants are entitled to summary judgment on both counts of the complaint.[2]

The entry is:

Defendants' motion for summary judgment is GRANTED.

Date: June 1, 2015 _____
Joyce A. Wheeler
Active Retired Justice, Superior Court

Plaintiff-William Vickerson Esq
Defendant-Joy McNaughton Esq

---

2 The basis for negligence in count II of plaintiff's complaint, failure to comply with a city ordinance, was explicitly rejected in *Denman* as explained above. *Denman*, 1998 ME 12, ¶ 7, 704 A.2d 411. Summary judgment is therefore appropriate on count II.

4