STATE OF MAINE
CUMBERLAND, ss

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-15-63

PAUL LATSEY,

Plaintiff

v.                                          ORDER

G & J PROPERTIES LLC, et al.,

Defendants

STATE OF MAINE
Cumberland ss Clerks Office

OCT 23 2015

RECEIVED

Before the court is a motion for summary judgment filed by defendant Heidi Caton d/b/a Innovations Salon & Spa.

Summary judgment should be granted if there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. In considering a motion for summary judgment, the court is required to consider only the portions of the record referred to and the material facts set forth in the parties' Rule 56(h) statements. *E.g., Johnson v. McNeil*, 2002 ME 99 ¶ 8, 800 A.2d 702. The facts must be considered in the light most favorable to the non-moving party. *Id.* Thus, for purposes of summary judgment, any factual disputes must be resolved against the movant. Nevertheless, when the facts offered by a party in opposition to summary judgment would not, if offered at trial, be sufficient to withstand a motion for judgment as a matter of law, summary judgment should be granted. *Rodrigue v. Rodrigue*, 1997 ME 99 ¶ 8, 694 A.2d 924.

Factual Record for Purposes of Summary Judgment

In this case the material facts are undisputed in most respects. In any cases where there are factual disputes, the court will accept plaintiff's version of the facts for purposes of summary judgment to the extent that those facts are supported by any evidence in the record.

Defendant Caton is the owner of Innovations Salon, a hair salon located at Unit # 5 at Sebago Plaza, 824 Roosevelt Trail, Windham. Plaintiff Paul Latsey's Statement of Additional Material Facts dated June 24, 2015 (Plaintiff's SAMF) ¶ 1. Sebago Plaza is owned by defendant G & J Properties LLC. Plaintiff's SAMF ¶ 4. Caton's lease states that the leased premises are deemed to contain approximately 2200 square feet "and is unit 5 located at 824 Roosevelt Trail, Sebago Plaza, Windham." Caton Statement of Material Facts dated May 26, 2015 (Caton SMF) ¶¶ 2, 4, citing Caton's Answers to Interrogatories ¶ 4 and Lease attached as Exhibit B, p. 11. The leased premises do not include the parking lot, and the Lease provides that the landlord shall provide for plowing of the parking lot.[1] Exhibit B (Lease) pp. 11, 14.

Plaintiff Latsey's sister was a regular customer of Caton's hair salon, and Latsey routinely drove her to Sebago Plaza for her appointments. Plaintiff's SMF ¶¶ 1-2. On January 10, 2014, arriving to pick up his sister after an appointment, Latsey fell on what he describes slippery and untreated ice in the Sebago Plaza parking lot and injured himself. Plaintiff's SAMF ¶ 16.

Latsey has offered evidence that G&J Properties provided salt to the tenants of Sebago Plaza for their use. Crosby Dep. 30. The owner of G&J Properties testified that he did not expect the tenants to perform snow removal but they would call him if they became aware of any issues with the walkways or the parking lot. Plaintiff's SAMF ¶ 15. Latsey also offered evidence that in the past Caton has shoveled the walkway in front of her salon and that she was aware that a

---

[1] That lease was originally entered into with a prior landlord, Apple Annies Inc., in 2002 and was extended through May 2018 with a subsequent landlord, Pine State Properties LLC, in 2010. *See* Lease pp. 10, 11, 18. Latsey argues that there is no signed lease between Caton and G & J Properties, which succeeded Pine State Properties LLC and is the current owner of Sebago Plaza. However, Latsey has submitted no evidence to controvert Caton's showing that she is a tenant under the Lease annexed as Exhibit B to her Interrogatories and to her SMF, which has been extended through 2018.

woman had fallen several years earlier on the sidewalk in front of the former location of the Eagles Club. Caton Dep. 26-27; Caton Dep. 8-9, 17.[2]

Latsey has not offered any evidence that Caton occupied or controlled the Sebago Plaza parking lot where he testified that he slipped and fell. The only evidence offered on that issue was evidence that there are 74 parking spots and seven or eight tenants. Crosby Dep. 21, cited in Plaintiff's SAMF ¶ 5. Latsey offered no evidence that Caton was aware or had any notice of any dangerous condition that may have existed in the parking lot on January 10, 2014.

Discussion

A possessor of land has a duty to use reasonable care to all persons lawfully on the premises. *E.g., Denman v. Peoples Heritage Bank*, 1998 ME 12 ¶ 4, 704 A.2d 411. If Caton was not a possessor of the land where Latsey was injured, she did not owe him a duty of reasonable care. *See Erickson v. Brennan*, 513 A.2d 288, 290 (Me. 1986).

Whether Caton was a possessor of the parking lot where Latsey fell does not turn on whether Caton had actual title or ownership to the parking lot, but it would require evidence that Caton occupied the parking lot and manifested an intent to control the parking lot. *Denman*, 1998 ME 12 ¶ 4; *Erickson v. Brennan*, 513 A.2d at 290; *Restatement Second of Torts* § 328E. In this case Latsey has not offered any evidence to create a genuine dispute for trial as to whether Caton occupied the parking lot with an intent to control the parking lot.

Latsey may have offered evidence sufficient to demonstrate the existence of a factual dispute with respect to possession of the <u>walkway</u> in front of Caton's hair salon, but Latsey consistently has stated that he fell in the parking lot, not on the walkway in front of Caton's

---

[2] With respect to the fall in front of the Eagles Club, counsel for Latsey cites to a page of Caton's deposition which does not identify where the fall took place but pages 8-9 of the deposition establish that the fall did not take place in front of Caton's hair salon but on the sidewalk in front of the former Eagles Club location. *See Caton's* Reply Statement of Material Facts ¶ 12.

3

salon. Latsey Dep. 16, cited in Plaintiff's SAMF ¶ 16; Plaintiff's Answers to Interrogatories ¶¶ 2-4, cited in Caton SMF ¶ 10 (admitted).

The entry shall be:

The motion for summary judgment by defendant Heidi Caton (d/b/a Innovations Salon & Spa) is granted. The action shall proceed against defendant G & J Properties LLC. The clerk is directed to incorporate this order in the docket by reference pursuant to Rule 79(a).

Dated: October 23, 2015

Thomas D. Warren
Justice, Superior Court

STATE OF MAINE
Cumberland ss. Clerk's Office

OCT 23 2015

RECEIVED

4

DOUGLAS N. STEERE, ESQ.
GETMAN, SCHULTHESS, STEERE & POULIN, PA.
1838 ELM STREET
MANCHESTER, NH. 03104

For Defendant Heidi Canton

ELIZABETH HURLEY, ESQ.
GETMAN, SCHULTHESS, STEERE & POULIN, PA.
1838 ELM STREET
MANCHESTER, NH. 03104

For Defendant Heidi Canton

JOY C. MCNAUGHTON, ESQ.
THE HANOVER LAW GROUP
TWO MONUMENT SQUARE, SUITE 802
PORTLAND, ME. 04101

For Defendant G & J Properties, LLC

PETER CLIFFORD, ESQ
CLIFFORD & CLIFFORD, LLC.
62 PORTLAND ROAD, SUITE 37
KENNEBUNK, ME. 04043

For Plaintiff Paul Latsey