STATE OF MAINE                                          SUPERIOR COURT
YORK, SS.                                               Civil Action
                                                        Docket No. CV-16-178


LISA SEAWARD,

            Plaintiff,

v.                                                      ORDER

COASTAL LAWN CARE, INC.,

            Defendant.

## I.  Background

This case involves a dispute over liability for a slip and fall. In January 2015 Plaintiff Lisa Seaward was working as a phlebotomist at Goodall Hospital ("the Hospital") in Sanford, Maine. (Compl. ¶ 3.)[1] On or about January 6, 2015, she attempted to assist another individual who had fallen in the Hospital parking lot. (Compl. ¶¶ 5, 7.) In so doing she also fell and injured her knee. (Compl. ¶¶ 8-9.) The Hospital had contracted with Defendant Coastal Lawn Care, Inc. ("Coastal") for snow removal services. (Compl. ¶ 4.) Plaintiff contends that Defendant, therefore, had a duty to her to keep the premises in reasonably safe conditions and it breached that duty, causing her injury. (Compl. ¶¶ 13-14.)

On July 18, 2016, Plaintiff filed a complaint seeking damages and other relief. Defendant was served on August 17, 2016 and timely moved to dismiss the complaint. Because it did not own or possess the land on which this incident occurred, Defendant contends it owes no duty to Plaintiff and thus the complaint does not establish a prima

---

[1] The court accepts the facts alleged in the complaint as true for the purpose of the motion to dismiss.

1

facie case of negligence. Plaintiff opposed the motion and, in response to Defendant's reply, filed a sur-response which included a motion to strike two attachments to Defendant's filing (an affidavit and a copy of the contract between the Hospital's property manager and Defendant). Plaintiff also filed a motion to amend the complaint to add a claim sounding in contract. Hearing was held on the motions on November 8, 2016. The parties agreed at hearing to strike the attachments, and thus that motion is dismissed as moot. For the reasons set forth below, Plaintiff's motion to amend is granted and Defendant's motion to dismiss is denied.

## II. Conclusions

### A. Motion to Amend

Once "a responsive pleading is served . . . a party may amend the party's pleading only by leave of court . . . and leave shall be freely given when justice so requires." M.R. Civ. P. 15(a). Unless a moving party is "acting in bad faith or for delay, the motion will be granted in the absence of undue prejudice to the opponent." *Holden v. Weinschenk*, 1998 ME 185, ¶ 6, 715 A.2d 915 (quoting 1 Field, McKusick & Wroth, *Maine Civil Practice* § 15.4 (2d ed. 1970)). Defendant did not file an opposition to the motion to amend. The court grants Plaintiff's motion to amend the complaint to add Count II (paragraphs 17a through 17e). Because the new claim asserted in the amended complaint "arose out of the same conduct, transaction, or occurrence set forth" in the original complaint, the amendment relates back to the original filing. M.R. Civ. P. 15(c)(2).

### B. Motion to Dismiss

#### 1. Standard

A complaint that fails "to state a claim upon which relief can be granted" is subject to a motion to dismiss. M.R. Civ. P. 12(b)(6). In considering a Rule 12(b)(6)

2

motion, the court accepts the averments in the complaint as true. *Macomber v. Dillman*, 505 A.2d 810, 812-13 (Me. 1986). In order to survive a motion to dismiss, "a complaint must aver either the necessary elements of a cause of action or facts which would entitle a plaintiff to relief upon some theory." *Dom J. Moreau & Son, Inc. v. Federal Pacific Electric Co.*, 378 A.2d 151, 153 (Me. 1977). Dismissal is appropriate only when "a plaintiff is entitled to no relief under any set of facts that [s]he might prove in support of [her] claim." *Bean v. Cummings*, 2008 ME 18, ¶ 7, 939 A.2d 676.

### 2. The Negligence Claim[2]

To withstand a motion to dismiss, a complaint alleging negligence must plead "each of the four elements of negligence: duty, breach, causation, and damages." *See Davis v. R C & Sons Paving, Inc.*, 2011 ME 88, ¶ 10, 26 A.3d 787. Defendant contends the complaint should be dismissed because as a matter of law it had no duty of care to Plaintiff given that it did not own or possess the land upon which she fell . Defendant relies on *Davis v. R C & Sons Paving, Inc.* 2011 ME 88, 26 A.3d 787. The Law Court in *Davis* stated:

> Although it is clear that a non-possessor who negligently creates a dangerous hazard may be liable for reasonably foreseeable harms, in cases involving injuries sustained as a result of the annual risks posed by winter weather, it is particularly important to consider whether the dangerous hazard was created by the non-possessor's actions or by the natural accumulation of snow or ice. In determining the existence and scope of a duty in cases involving injuries sustained as a result of snow and ice conditions, we are informed by the annual risks created by the relatively harsh winters in Maine and recognize that requiring landowners or non-possessors "to fully protect against hazards created by snow and ice [is] simply impracticable."

---

[2] The complaint makes reference to a contract obligation as a source of Defendant's duty in tort, and thus a basis for Plaintiff's negligence claim. See Compl. ¶ 13. A contractual obligation does not give rise to a duty in tort. *Davis*, 2011 ME 88, ¶¶ 13-17, 26 A.3d 787. The complaint as amended, however, has added a separate claim sounding in contract.

3

Here, the "precipitating cause" of the hazardous conditions in the parking lot was weather. By plowing the snow in the parking lot, R C & Sons did not create the layer of ice that remained beneath the snow.

*Id.* ¶¶ 21-22 (quoting *Alexander v. Mitchell*, 2007 ME 108, ¶¶ 17-18, 22, 930 A.2d 1016, 1020-22) (internal citations omitted).

Whether a party owes a duty of care and the scope of any duty owed are questions of law to be determined by the court. *Brown v. Delta Tau Delta*, 2015 ME 75, ¶¶ 9, 14, 118 A.3d 789; *Davis*, 2011 ME 88, ¶ 11, 26 A.3d 787. However, "the inquiry as to the existence of a duty is fact-intensive" and requires analysis of "facts relevant to foreseeablility, control, and the relationship of the parties." *Brown*, 2015 ME 75, ¶ 14, 118 A.3d 789. In the context of this action and in light of the Law Court's approach in *Davis* and *Alexander*, the critical inquiry is whether the complaint sets forth allegations that under any set of facts might establish that Defendant owed a duty to Plaintiff.

The complaint alleges, among other things, that Defendant "fail[ed] to maintain the safety of the Hospital grounds, fail[ed] to inspect and keep the grounds in a safe condition, permitt[ed] a dangerous and hazardous condition to exist by failing to perform adequate winter maintenance, and fail[ed] to provide any safety precautions so as to prevent the Plaintiff's injury in this case." (Pl.'s Compl. ¶ 14.) These allegations are sufficient to survive a motion to dismiss. In other words, the court cannot conclude from these allegations that there are no set of facts under which Plaintiff would not be able to establish the existence of a duty of care in these circumstances. On the other hand, if a more complete factual record does not establish a sufficient basis to support the determination of a duty of care, Defendant is free to move for summary judgment. *See Davis*, 2011 ME 88, ¶ 22, 26 A.3d 787.

### 3. The Contract Claim

Plaintiff's complaint as amended asserts that Defendant was contractually

4

obligated to perform winter maintenance at the Hospital; that she was a third-party beneficiary of a contract; and that "Defendant breached its contractual obligation to perform said maintenance in a reasonable and competent manner that would render the Hospital grounds safe for use by the Plaintiff." (Pl.'s Amended Compl., ¶ 17) The Law Court has looked to Section 302 of the Restatement (Second) of Contracts to determine whether a plaintiff may "proceed as a third-party beneficiary on her *contract* claim." *Davis*, 2011 ME 88, ¶ 15, 26 A.3d 787. Section 302 reads as follows:

(1) Unless otherwise agreed between promisor and promisee, a beneficiary of a promise is an intended beneficiary if recognition of a right to performance in the beneficiary is appropriate to effectuate the intention of the parties and either

(a) the performance of the promise will satisfy an obligation of the promisee to pay money to the beneficiary; or

(b) the circumstances indicate that the promisee intends to give the beneficiary the benefit of the promised performance.

(2) An incidental beneficiary is a beneficiary who is not an intended beneficiary.

Here, the complaint as amended alleges, among other things, that "[t]he contract obligating the Defendant to perform said maintenance, and/or the circumstances surrounding the execution of said contract, conferred third-party beneficiary status on the Plaintiff . . . ." (Pl.'s Compl. ¶ 17(c).) The amended complaint, though sparse on details, is sufficient to for purposes of a Rule 12(b)(6) motion to dismiss.[3]

### III. Order

Accordingly, Plaintiff's motion to amend is GRANTED; Plaintiff's motion to

---

[3] Ultimately, however, to prevail on a third-party beneficiary claim it is "not enough that [a plaintiff] benefitted or could have benefitted from the performance of the contract. The intent must be clear and definite, whether it was expressed in the contract itself or in the circumstances surrounding its execution.'" *Denman v. Peoples Heritage Bank*, 1998 ME 12, ¶ 9, 704 A.2d 411 (quoting *Devine v. Roche Biomedical Laboratories*, 659 A.2d 868, 870 (Me. 1995)).

strike is DISMISSED as moot; and Defendant's motion to dismiss is DENIED. Defendant shall respond to Count II of the amended complaint within 20 days. M.R. Civ. P. 15 (a).

The clerk may incorporate this order upon the docket by reference pursuant to Rule 79(a) of the Maine Rules of Civil Procedure.

**SO ORDERED**

DATE:    December 28, 2016

_____
Wayne R. Douglas
Justice, Superior Court

6